LORCAN KILROY
lorcankilroy@gmail.com
8927 Cedros Avenue, Unit 6
Panorama City, California 91402
(310) 926-8252 Telephone
Plaintiff in Pro Per

*ORIGINAL*

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 0 2013

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORCAN KILROY, an individual, <br><br> Plaintiff, vs. <br> LOS ANGELES UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION and Nury Martinez in her individual capacity, Richard Vladovic in his individual capacity, Marguerite LaMotte in her individual capacity, Monica Garcia in her individual capacity, Tamar Galatzan in her individual capacity, Steve Zimmer in his individual capacity, John Deasy in his individual capacity, Bennett Kayser in his individual capacity, John Brasfield in his individual capacity, Judith Vanderbok in her individual capacity, Marc Strassner in his individual capacity, Janet Kiddoo in her individual capacity <br>      -Defendants. | Case No:2:13−cv−06373−DMG−FFM <br><br> Assigned To The Honorable Dolly M. Gee <br><br> First Amended Verified complaint for civil rights violations under Rehabilitation Act, 29 USC 794; Title II of the Americans With Disabilities Act 42 USC 12101, Et Seq.; And Title VI of the Civil Rights Act of 1964, 42 USC 2000d Et Seq. 42 USC Section 1983,14th Amendment, 5th Amendment. Title VII of the Civil Rights Acts of 1964,1991, 42 USC 2000-e, et seq. <br><br> DEMAND FOR JURY TRIAL |

## JURISDICTION AND VENUE

1.This court has jurisdiction under 28 U.S.C. §§1331 and 1343. The acts and practices complained of herein occurred in within this judicial district, in Los Angeles County, California. The action arises under the rehabilitation Act of 1973, section 504, 29 USC § 794, Title II of The Americans With Disabilities Act 42 USC 12101, et seq., and Title VI of the Civil Rights Act of 1964, 42 USC 2000d et seq; 42 U.S.C. Section 1983, Title VII of the Civil Rights Acts of 1964 and 1991.

2. Venue is proper pursuant to 28 U.S.C. §1391 because the events giving rise to this complaint happened in this district.

## PARTIES

3.      LORCAN KILROY (hereinafter "Plaintiff" and/or "Kilroy") is a citizen of the United States and at all times mentioned herein was residing in the county of Los Angeles, California.  At all times pertinent to this action, Plaintiff was employed as a general education High-School Art teacher by defendant LOS ANGELES UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, which operates in the County and City of Los Angeles.

4.      Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION (hereinafter referred to, as "LAUSD") is a recipient of federal funds subject to §504 of the Rehabilitation Act; and a governmental entity

authorized under the laws of California with its principal place of business in the County of Los Angeles, California.

5. Defendant Nury Martinez was a member of Los Angeles Unified School District Board of Education until 06/30/2013.

6. Defendant Richard Vladovic is a member of the Los Angeles Unified School District Board of Education.

7. Defendant Marguerite LaMotte is a member of the Los Angeles Unified School District Board of Education.

8. Defendant Monica Garcia is a member of the Los Angeles Unified School District Board of Education.

9. Defendant Tamar Galatzan is a member of the Los Angeles Unified School District Board of Education.

10. Defendant Steve Zimmer is a member of the Los Angeles Unified School District Board of Education.

11. Defendant John Deasy is Superintendant of the Los Angeles Unified School District

12. Defendant Bennett Kayser is a member of the Los Angeles Unified School District Board of Education.

13. Defendant John Brasfield is an official employed by Los Angeles Unified School District in Staff Relations.

14. Defendant Judith Vanderbok was an LAUSD official/ school Principal at Van Nuys High School, Plaintiff's former workplace, inclusive of years 2010-June 2013.

15. Defendant Marc Strassner is an LAUSD official/ school Assistant Principal at Van Nuys High School.

16. Defendant Janet Kiddoo is an LAUSD official at Educational Service Center North.

INTRODUCTION

17. In bringing to this first amended complaint the many defendants newly named in individual capacity but only for USC § 1983 cause of action, Plaintiff struggled with issues of immunity and the standard, and the true weight that courts should properly be free from unduly burdensome litigation that may interfere with function. Plaintiff weighed at length the standard of qualified immunity against the facts and the change in standard from malicious to "whether a reasonable officer would have thought that the alleged act was lawful in light of clearly established law and the factual information possessed at the time". He has also taken into consideration the increased expenditures of the court and thus the public costs, vs. public benefits. Plaintiff recognizes the pragmatic legitimate need to protect government employees, vs. the need to protect the public and himself from "violations of clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). He has named individual defendants in the statement of facts. Plaintiff pleads for an order per rule 5(C) that defendants' pleadings and replies to them need not be served on other defendants and any other order the court can make to ease it's burden of multiple defendants.

STATEMENT OF FACTS

18. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

19. Plaintiff began his employment as a High School Art teacher with LAUSD in or about Sept 2002, working with both general education students and students with disabilities "mainstreamed" into the general education setting.

20. In or about 2010, Plaintiff first discovered that the teaching site under his assignment was not complying with the Individuals with Disabilities in Education Act ("IDEA").

21. In or about 2010, Plaintiff started voicing his concerns to defendant Principal Judith Vanderbok and others.

22. In or about 2011 Plaintiff's students with disabilities filled out surveys indicating that they were being excluded from participation in and denied benefit of the elective program at the site based on their disabilities, and subjected to

discrimination by defendant LAUSD. Emails show Plaintiff was promptly directed by defendant Marc Strassner, an assistant principal, to halt the surveys.

23. In or about Oct 2011, a complaint was filed by plaintiff with LAUSD office of "Educational Equity Compliance" that Plaintiff's special education "special day class" and other students with disabilities were being denied a free and appropriate public education by exclusion from program benefits and services in the form of being denied a choice of electives like other students, and thus being deprived of equity and access to a variety of elective choices. Emails show defendant tried to drop the categorization under which the majority of victims were categorized, Special Day Class (SDC), from the complaint.

24. At the beginning of the next semester a few weeks later in Jan. 2012, Phyllis Baer, assistant Principal in charge of programming students, placed over 70 students with severe "bad" behavior records into Plaintiff's classes. A portion of suspension records of those students are attached as (**EXHIBIT A**) . It was later revealed that Plaintiff was supposed to have been told by virtue of Ed. code 49079 about the records for safety, and defendants failed to do so, under penalty of misdemeanor.

25.Emails show Plaintiff made requests several times to school Deans, including Maurice Mascari and Daniel Levy, and others throughout 2012, for student juvenile crime and violence records and was met with no response. After Plaintiff

discovered records, emails on or around Febuary 14, 2013, show Plaintiff made safety complaints and requests to defendant Principal Judith Vanderbok for a security video camera in his classroom, to be at Plaintiff's expense, in light of the records.

26. Those requests for equal protection were not allowed by defendant Judith Vanderbok even though photographs and emails show the teacher in the room next door to Plaintiff, Brandon Austel, was approved for a running camera system during class time and had cameras running, trained on the students, for at least a year at time of Kilroy's requests.

27. Almost all the 49079 students in Plaintiff's classes were indicated as Hispanic of poverty, effecting segregation and further frustration, acting out of students, and a "tinderbox" environment of potential behavior problems at all times in Plaintiff's classes. There were constant offensive and aggravated behaviors.

28. The suspension records show that defendant's had routinely suspended students per protection of Calif Ed code 48900, for "obscenity, profanity, vulgarity", harassment, threats, and other offenses.

29. Students' distracting use of ipods, full sized headphones, earpods, mini video games, cellphones and other electronics was distracting students and was an incessant problem at Plaintiff's school because electronics were always shortly returned to students via parents after confiscation by Deans, and then students

would repeat the use. This was in contrast to the policy **(EXHIBIT  B)** of the

district's "flagship" school up the street, Arleta High School, where electronics,

upon the second confiscation, are kept by the school for the remainder of the

semester .When Plaintiff had  Dean Maurice Mascari  confiscate full sized

headphones from an 18 year old  student named J.C., the student yelled "faggot" at

Plaintiff and stormed out of the room. Plaintiff referred him to  Dean Levy. The

student, initials J.C., 18 years old, had called Plaintiff the slur on or about

December 13, 2011. After Christmas break on January 10, 2012, Kilroy referred

him. Emails show  Dean  Maurice Mascari in discriminate manner intercepted and

took the referral

30. Followup emails from Jan 17, 2012,  show the dean refused to suspend the

student  and later student records confirm this. The same day as the frustrated

emails with the Dean, Jan 17, 2012,  in desperation , Plaintiff wrote an ethically

grounded but harsh letter **(EXHIBIT  C )** to a couple of parents of students whose

disturbing behavior was incessant. Later another student wrote to Plaintiff that he

was going to "slap the shit outta him" **(EXHIBIT D),** and plaintiff experienced

more student harassment and aggravated hostility. Records and emails show  no

suspensions in that incident. In media and online, defendant's present a rhetoric of

"positive behavior support' and "reform" of excessive suspensions. Attached

suspension records are  from the district's 'MYDATA" database." In 2012, legal

protection of Ed Code 48900 was in place in California public schools to deter and consequence and protect.  In Spring 2013, after Paintiff had filed with  EEOC regarding the matter, a second student, identified as a "friend of a friend" of a student who had been talking out loud  to others  about the previous student getting away with the slur calling incident, also called Plaintiff  faggot as he walked through the school grounds  and documents show that student was promptly suspended .

31. On or about  April 20, 2012, another teacher at the same school named Arthur Thomson (Thomson) was witnessed by students and a Special Ed aide choking/shaking a student (first name reported to be initial M) by the neck. The special ed aide named Ian Olivera (surname spelling may be incorrect) stated to Plaintiff that Thomson threatened the student's life, yelling, "if you come back in my classroom your life is in danger." Many months later, after Plaintiff repeatedly emailed the Los Angeles Police Department, they  confirmed that a child abuse report about this incident exists. This is confirmed in an LAPD detective email attached as **EXHIBIT E** . A student witness, initials M.R., reported to Plaintiff that assistant principal Phyllis  Baer came to the scene and took student statements. It was common knowledge amongst teachers and led to 'murmurings' around campus.  Phyllis Baer was witnessed by juvenile witness M.R. to have come to the class and taken witness statements . There is no dispute that State Law mandates

the  reporting was to have been  made by LAUSD within 36 hours of the incident .

Police detective Rose Gaeta of Los Angeles Police department confirmed to

Plaintiff in  email that a  reporting to Police was made. It was reported to Plaintiff

by Thomson himself that his consequence was a few days out from work. An aide

named Mike Alson  who had worked with him for 5 years reported to Plaintiff

verbally and  in email (**EXHIBIT  F**) that  there was no suspension.

32, District quickly became  secretive about   the physical assault  , first admitting

29 pages of records exist in a PRA request (**EXHIBIT G** ), then denying request

(**EXHIBIT  H**), citing code which does not cover the documents, as they are

unrelated to actual litigation. On July 31,2013 and at other points throughout 2013

and 2012  Plaintiff appealed in emails to defendants LAUSD Board members Nury

Martinez, Richard Vladovic , Marguerite LaMotte ,Monica Garcia ,Tamar

Galatzan ,Steve Zimmer,Bennett Kayser and Superintendent Deasy specifically

referencing the Thomson incident of witnessed choking and threatening of a life of

a student , retaliatory disparity in violation of section 504, and violations of what

were due process protections and equal protection clauses  of 5th and 14th

amendments.  The only response was from Nury Martinez' office who referred  the

matter to  LAUSD official Juan Flecha. Flecha  confirmed an incident code

number  and said he would ask official Robert Cuen if discipline had been

imposed. Then there was no further response and plaintiff's emails were

unanswered. Plaintiff communicated that such behavior was endangering students of LAUSD by effectively licensing behaviors such as teachers choking and threatening the lives of students. Plaintiff made connection between the promulgation and licensing of this kind of environment, and behaviors which result in Miramonte like catastrophes, and lesser but grave abuse incidents, on a yearly basis, at tremendous cost to families and taxpayers. Plaintiff's concerns were spelled out in a reporting by Plaintiff to Commission on Teacher Credentialing on June 14 and June 17, 2013 . Plaintiff reported that John Deasy had been duly informed and hence sanctioned the "picking and choosing' of teachers to suspend based on improper motives, violating constitutional due process and equal protection for both teachers and students. Most Board of Education members are publicly documented to have had many years of experience in Education.

33. Plaintiff's consequence for the letter was a notice of unsat act, an 11 day suspension, a recommendation of dismissal, non- jurisdictional reporting to credential commission, destruction of his 10 year Art teaching position and forced displacement from the school site to become an itinerant substitute. Teacher Thomson's consequence for the witnessed choking of a student and threatening his life was, according Thomson himself, merely a few days out from work until things cooled down. To this day Thomson has the assistance of district personnel, up to and including the board of education and Superintendent John Deasy, who

emails show were duly informed, in secreting the incident. This is an abomination of the public's trust.

34. On or about January 24, 2012, Kilroy was brought to a meeting and defendant Judith Vanderbok placed a memo in his file with various language including words indicating the harsh letter was threatening, unprofessional, and injurious to the public. The word racism was written in the memo in connection with Plaintiff. In contrast, when the letter was later released to the public and posted on NBC , many jurors of the letter in the public, especially conservatives, lauded the letter as ethical and a refreshing message of responsibility and moral fiber. A conservative radio host applauded the letter at length and interviewed Mr. Kilroy. Kilroy was told per State law he had a 45-day opportunity to correct the misconduct and overcome the grounds for the charge. District interfered in Plaintiff's efforts to do so.

35. In the harsh letter Plaintiff speaks ambiguously of "legal" consequences, of having a "legal" platform to support deterrence of abuse and deterrence of abuse of the opportunity of other students. At time Plaintiff was unaware of State legal school discipline platform Ed. Code section 48900. Upon discovery of the legal platform of the State he requested from defendant Principal Judith Vanderbok that he be allowed to make a poster sized display of Ed Code 48900 for his classroom as an effective proactive deterrent to let students know their boundaries.

In this way students would know that "rules" were not just Mr. Kilroy's rules, but that in the State of California abusing others in school classrooms, and abusing the opportunity of others, is against the law. Plaintiff felt this would be a more powerful proactive statement. That was denied. Later at Arleta High School, the district's "flagship" school, Plaintiff discovered that that school indeed actively incorporates the State Law into their dean referral form and their electronics policy, proactive measures and equal protection that defendants have failed to institute districtwide. Arleta High School sits in a poverty stricken neighborhood, yet the school is spotless, has no graffiti, has no issues with electronics, abuse, or behavior issues, failure, or dropout. In contrast to Van Nuys High, an Arleta official told Plaintiff their suspensions last year numbered only two because students "know their boundaries", this being in addition to their graduation rate being 92%, also saving the taxpayer money. Moreover Arleta High has a similar demographic to Plaintiff's school . Arleta is a Title 1 poverty school, has 99% minority enrollment and 89% economically disadvantaged enrollment, according to U.S.News school reports. Arleta High was referred to by Superintendant Deasy as the district's "flagship school". Students at Arleta High told Plaintiff they were "proud of their school" and that they "like it", despite firm policies and despite their being exposed to written document of Ed Code 48900 law and the State of California consequences for abusive behaviors in schools.

36. During the next 45 days after initial charges for the harsh letter, Plaintiff was told by defendants that he had rights, by state law, to try to "correct his faults and overcome the grounds for the charge". He offered two letters to the parents in apology for the harshness although not the ethical grounds for the letter. Emails show defendant Judith Vanderbok refused to allow the apologies. Plaintiff asked to be allowed to survey some other teacher's experiences with student discipline Dean responses. Emails show defendant Judith Vanderbok refused to allow the surveys. Plaintiff asked to be allowed to have his students fill out feedback surveys on his character, teaching, and professionalism. Emails show that defendant Judith Vanderbok refused to authorize that. Later he offered to use a Gates Foundation approved student classroom template for the survey, defendant Judith Vanderbok also refused to authorize that.

37. After 45 days, on March 12, 2012, Kilroy was given a notice of unsat act, suspended for 11 days, and recommended for dismissal from the school district by defendant Judith Vanderbok. The meeting was audio recorded with consent. In the meeting Plaintiff asks defendant Principal Judith Vanderbok to accept document of his spurned efforts to "correct the misconduct and overcome the grounds". She is heard to say, "no, I'm going ahead with this" and issues the suspension and recommendation of dismissal. Plaintiff filed timely request for grievance and emailed Board of Education members Nury Martinez , Richard Vladovic ,

Marguerite La Motte ,Monica Garcia ,Tamar Galatzan ,Steve Zimmer , and Bennett Kayser regarding the due process violations  but was met with silence. The deadline by contract and State Law for district to hold grievance hearing came and went and there was no response and no hearing.  As over a whole year went by, past State and Union deadlines, Plaintiff made various emailed inquiries  to district officials and  Board of Education members Nury Martinez , Richard Vladovic , Marguerite La Motte ,Monica Garcia ,Tamar Galatzan ,Steve Zimmer , and Bennett Kayser to try to clarify the status of the threat of dismissal and was met with more silence. Plaintiff was informed by other LAUSD teachers including Leonard Isenberg and by an attorney who had worked inside the district, that such stalling and non-responses were district's unwritten policy and custom. This caused emotional distress. LAUSD deliberately scheduled the grievance hearing for June 3, 2013, about one year and three months later.

38. On or around  March 29, 2012, Kilroy made a formal complaint of retaliation to parties including inspector general of LAUSD Jess Womack,  Board of Education members Nury Martinez , Richard Vladovic , Marguerite La Motte, Monica Garcia ,Tamar Galatzan ,Steve Zimmer ,  Bennett Kayser , and superintendent John Deasy. There was no response.

39. On April, 10, 2012   emails show defendant official John Brasfield reported Plaintiff, in an act outside defendant Brasfield's  jurisdiction and in violation of 5th

and 14th amendment due process rights, to commission on teacher credentialing

(CTC) for the harsh letter. Within the emailed complaint to CTC, Kilroy's teacher

statement that he submitted at conferences about the harsh letter had been omitted,

and a section of text from his March 29, 2012 retaliation complaint  was included.

This substituted text appears out of context, as if the teacher's defense of the letter

is confused and unfocused. A letter (**EXHIBIT  I** ) was sent to LAUSD by CTC

indicating the reporting of Kilroy was unacceptable/ non-jurisdictional, because it

violated due process, Privacy rights,  and preceded grievance resolution and the

actual serving of the suspension. A PRA  request to CTC asked for copies of

rejection letters like Kilroy's pertaining to LAUSD non-jurisdictional reportings.

Out of  254 LAUSD reportings to CTC in the two years and three months  prior to

the reporting of Kilroy on April 10, 2012, , the CTC was only able to provide one

single other letter (**EXHIBIT  J**) of  non-jurisdictional reporting identical to

Kilroy's.

40. In May 2012, A handwritten note from the parent of the student, (initials J.C).

who had called Kilroy faggot, addressed to Principal J. Vanderbok, shows J.C.'s

mother  complaining that  Dean Maurice  Mascari  had refused to allow her to have

a conference with teacher Kilroy. Neither defendant Principal Vanderbok nor

Maurice Mascari  ever held that parent conference. Customary LAUSD practice is

to grant parent conferences on request. The parent states she was going to come by the school on May 22, 2012 to talk.

41. On the morning of May 22, 2012, the day that the parent wrote she was coming to school to talk to Kilroy and Dean Mascari, defendant assistant principal Marc Strassner and Principal J. Vanderbok, without waiting for the parent to arrive, held a meeting with Plaintiff Kilroy. At meeting they placed a memo in Kilroy's personnel file regarding Kilroy's purported behavior towards the parent, the student, and the family. The faggot name calling incident was omitted in the memo. In the memo defendant assistant principal Strassner states that the student was new to Kilroy's class in Spring 2012, to bolster the plausibility of his statement that Kilroy asked the student, upon his entering class for the first time, if he was special education and ever had trouble with the law. School records prove the student was in Kilroy's class in Fall of 2011. In the memo Strassner states that Kilroy was doing all manner of horrible behaviors to his students including yelling and harassing and making them cry. Although it was the very end of the year and few students were around, Kilroy was able to get a few signed student statements disputing this. Assistant Principal Strassner made statements about a phone call on Sunday April 15, 2012, at 10.45am. which he said was noted on caller ID as placed from the same phone Kilroy had previously used to call the family. Defendant Strassner documented in Kilroy's permanent personnel file that Kilroy

harassed the family by remaining silent on the phone. Cellphone records of Kilroy's phone from T-Mobile show there was no such call. Strassner's handwritten notes show his first version of the story was that Kilroy's calls to the Parent's work resulted in the father being "terminated", his typed memo shows he changed that story to a milder version of Kilroy's calls resulting in the father being laid off for a week. Kilroy's letter to the father's employer to verify this went unanswered. The parent never came to the conference or met with Kilroy.Kilroy sent a copy of his memo response with proofs and student signed statements, and his cellphone records, to defendant's Nury Martinez , Richard Vladovic , Marguerite La Motte ,Monica Garcia ,Tamar Galatzan ,Steve Zimmer , Bennett Kayser and LAUSD officials. Again there was no response . Plaintiff was informed by others that many were similarly situated and that such fabrications and non-responses of defendants throughout the hierarchy of district, are their usual custom and practice.

42. On June 2012, Kilroy received a letter stating that after 10 years he was terminated from the Los Angeles Unified School District but based purely on his district seniority position and budgetary "reduction in force" (RIF). Kilroy filed motion in RIF OAH hearing to compel production of seniority list to verify legitimacy of his RIF. District denied his request for the seniority list on CD but in contrast provided it for counsel of other teachers. OAH refused to compel. OAH

on information and belief has a financial arrangement with district. Other teachers were being "skipped" in RIF for reasons including their teaching at low-income schools protected by a judgment in a lawsuit by party named Reed. This "skipping" affected Kilroy's position on seniority list.  Kilroy investigated and found that teachers junior to him were alleged to be at "Reed schools" but were not indicated as actually having been at those schools before the RIF. When he offered document of this in RIF hearing, district excused one such teacher as being mis-indicated as not at her Reed protected school because district had been using incorrect spelling of her surname for several years, including on her paychecks. If one believes this story, these payroll drafts were ostensibly being deposited into a bank in the United States every month, with her name misspelled for several years. OAH accepted this excuse without further discovery. Other teachers were being skipped because of their status as "International Baccalaureate" (IB) teachers, effecting Kilroy's RIF. Kilroy offered evidence from International Baccalaureate that such teacher designation was solely at discretion of district and that "IB" teachers required absolutely no qualification, training or certification. In effect the district could  "dub" any teacher on the list they wanted to as an "IB" teacher, opening the door for abuse of discretion. Additionally, investigation revealed all the schools that the secondary IB teachers were assigned to were unapproved for IB program at time of RIF, and there was thus a possibility they might fail the

approval process, and the skips would end up having been implemented for nothing.

43. Sure enough, later emails in 2013 reveal that of the secondary IB programme teachers skipped in 2012 RIF, none were at schools that eventually passed and became IB schools with approved secondary programmes, thus their skips were utterly illegitimate in 2012 RIF. OAH upheld IB skips. Kilroy informed defendant of his intent to file petition for writ of mandate in superior court over RIF malfeasance and district then rescinded his RIF. The whole process caused emotional distress and was energy taken away from Kilroy's Art teaching duties.

44. In Fall of 2012 Kilroy experienced more stressful agitated classroom behavior from the large number of 49079 students in his classes. Another student initials M.S. deliberately and repeatedly harassed Kilroy by calling him "Miss" instead of "Mister" during Fall of 2012. When Kilroy sent him to Dean after repeated offenses, there were no consequence beyond a "talk".

45. In June 2013, after over a year's delay in violation of state and Union contract deadlines, district scheduled Kilroy's suspension grievance on June 3, 2013. Kilroy entered declaration to release his union rep at the table and repped himself at the table. Kilroy exhausted his grievance, submitting a large written document of events and evidence into the record. Defendant official Janet Kiddoo refused to answer any questions posed in the document pertaining to his aggravating

circumstances, discrimination of Kilroy's consequences vs. no-consequences for the teacher choking/threatening student, denial of due process, and timeline violations of Union contract and state law. Official Janet Kiddoo upheld the suspension issuing a finding of " no violation of contract " over a year past Union and State deadlines. Plaintifff was told by other teachers and attorneys that defendant's violations of due process, Skelly rights, and union and State Law timelines ,were, and are, defendant's usual and unwritten custom and policy.

46. After filing discrimination/retaliation charges with EEOC, in June 2013 Kilroy was displaced from his 10 year Art position and reduced to being an itinerant substitute. The displacement was couched as a budgetary/enrollment displacement but in contradiction to that excuse, LAUSD retained an empty Art position filled by a substitute, at expense of Kilroy's job loss. District did not answer a PRA request for budgetary /enrollment documents substantiating the displacement. Defendant official Janet Kiddoo and official Andres Chait refused to answer any and all questions in the displacement grievance exhaustion, which were put in writing and emailed.

47. In addition to the above-mentioned acts, as further direct and proximate result of his complaints to LAUSD for the benefit of his students with disabilities, Plaintiff was subject to adverse employment actions which also included;

a. Intimidation regarding suspension over 11 days and threat against his teaching credential and termination to the extent that he felt obliged to go to the media to publicize the sorrounding circumstances and the cover-up of the contrasting teacher's witnessed choking and threat of student. This obligation resulted in discomfort and emotional distress and unwanted notoriety as a result of television, radio and Internet coverage.

b. Ostracism and separation from colleagues. In the wake of above publicizing, Plaintiff's colleagues ignored his communications and he was shunned, either out of their fear of involvement/retaliation and/or their condemnation for exposing the witnessed acts of teacher Thomson.

48. On August 20, 2013 Kilroy was given a written order (**EXHIBIT K** ), that stated that from then on while assigned to Arleta High school, his new "default school" he would be standing in an un-airconditioned hallway outside boys locker room in the same spot as a security guard on a permanent basis, every period, every day, indefinately. An assistant Principal later in the day verbally told plaintiff that the order had come directly from Principal Sandra Gephart. Other staff and teachers at school confirmed to Plaintiff they had never heard of a teacher being given such an order.

On or around Oct 4th 2013, Plaintiff's paycheck which was supposed to reflect the pay deduction for the last six days of the suspension, was revealed to be

scrambled and unintelligable and reflected  an excess amount estimated to be

six or seven thousand dollars.

49. On Oct 7th 2013, Plaintif received in mail documents from Commission on

Teacher credentialing indicating defendant official John Brasfield had again

reported the harsh letter to CTC on Sept 10,2013,  again ommitting the actual

letter. The email to CTC was copied to defendant's counsel. In the 45 page

email Brasfield had inserted  for most pages a  scrambled mish mash of pages

culled form unrelated documents and emails Plaintiff had made in previous

years, documents for the most part  completely unrelated to the harsh letter. Into

the middle of this "mish mash" defendant Brasfield had again  inserted the

excerpt from Kilroy's retaliation complaint of March 29, 2012 that is alleged to

be direct causal connection between the unjurisdictional CTC reporting in 2012

and the retaliation complaint to LAUSD OIG and board members.   In the Sept

10, 2013 email to CTC, directly in front of this  excerpt, defendant Brasfield

inserted a photocopy of the outside of an envelope that had been mailed to

defendant by Plaintiff in an unrelated matter. The postmark on the envelope

however reads "01 13".

50. As part of his new displaced status Plaintiff was informed in email by

defendant's official Michelle Wells that he must be available to accept telephone

calls between 5.30 am and  6.30am , for daily work location assignments , from an

automated calling system called "subfinder" .He was told that if he fails to answer the first call between 5:30 to 6:30 am every day and report to whatever location the machine told him to, he could forfeit pay and be subject to other disciplinary actions.

51. On Oct 7th 2013 an LAUSD official named Evelyn Mahmud emailed him and said that he had missed telephone calls that day at 6:14, 6:22 and 6:28 am, and that three administrators would be having a "meeting" with him.

52. Plaintiff emailed Ms. Mahmud his T-mobile cellphone bill showing he accepted a call at 6.25 am and had worked at Reed Middle School that day. He noted that the bill showed no other calls incoming from subfinder. He also verified that his cellphone "missed calls" showed no incoming missed calls. Ms Mahmud stated that defendants do not accept T-Mobile bills as evidence. Plaintiff asked her to email him the printout from the subfinder program showing the "missed" calls. Mahmud emailed back stating that she would provide it at the meeting. Plaintiff asked her to email it so that there would be no discrepancy as to the document having come from her. She refused and stated she would supply it in the "meeting". Plaintiff asked to audio record the meeting and Mahmud stated "no recordings". Plaintiff emailed defendants Bennett Kayser, Marguerite Lamotte, Monica Garcia, Tamar Galatzan, Steve Zimmer, Richard Vladovic and John Deasy on Oct 7th 2013 at 9:56 PM stating that the recording was to be done in

order to document or investigate discrimination or harassment and is thus a

protected activity according to the EEOC. He cited Heller v. Champion Int'l

Corp., 891 F.2d 432, 436-437 (2nd Cir. 1989).

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION- Section 504 of Rehabilitation Act

### Violation Against Defendant Los Angeles Unified School District Board of Education

53. Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs of the Complaint as though set forth at length herein.

54. At all times mentioned herein, Defendant LAUSD was and is a recipient of

federal funds subject to §504 of the Rehabilitation Act.

55. The students programmed into Kilroy's classes for their general education

elective who were designated as Special education by the categorization "special

day class" (SDC), autism (AUT), and other special education categorizations

suffered from disabilities and were the beneficiaries of the federal funding subject

to section 504 of the Rehabilitation Act, and the Plaintiff was within the zone of

interest of the Act's requirements for the benefit of his students with disabilities.

Although Kilroy himself is not disabled, courts, including the ninth circuit, have

upheld that the anti-retaliation protections of the Act extend to teachers and

caregivers advocating on behalf of their charges or students (see Barker v.

Riverside County Office of Education, No. 07-56313 (9th Cir. Oct. 23, 2009) . In

Settlegoode v. Portland Public Schools, 371 F.3d 503, 512 n. 6 (9th Cir.2004), the

Ninth Circuit  upheld a jury's verdict in favor of a special education teacher who

sued her school district for retaliation pursuant to section 504 of the Rehabilitation

Act. The teacher sued because the district did not renew her teaching contract after

she voiced concerns that the district was discriminating against her disabled

students (Id. at 507). In  Settlegoode the court  did not even directly examine

whether the teacher had standing pursuant to section 504. The Ninth  extended

protection against retaliation under section 504 of the Rehabilitation Act to a

school psychiatrist who advocated on behalf of her disabled students, (Sweet v.

Tigard-Tualatin School District, 124 Fed.Appx. 482, 483 ,9th Cir.2005); see also

Corrales v. Moreno Valley Unified Sch. Dist., No. EDCV-08-00040-SGL, 2008

WL 4382507, at *2-3 (C.D.Cal. Aug.29, 2008) (granting standing under section

504 of the Rehabilitation Act to a special education teacher whose teaching

contract was not renewed after she advocated for her students with disabilities).

56. As set forth more specifically above, Plaintiff made complaints to LAUSD

office of educational equity compliance that disabled students within his general

education Art classes were being discriminated against and deprived of a free and

appropriate public education. LAUSD explained away the complaint by school

organization and Small Learning Community organization. If jurors were

confronted by a scenario where African American students were being denied a choice of elective like others, and LAUSD tried to explain away the "racism effect" by school organization, this would cause public outcry. Schools must organize around students so that there is no discrimination, not students endure discrimination for the benefit of LAUSD' organizing schemes.

57. In response to Kilroy's complaint, LAUSD intentionally retaliated against Plaintiff Kilroy as more specifically set forth above.

58. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Kilroy has suffered, and continues to suffer, severe mental, emotional, and physical distress, loss of earnings and benefits and is entitled to and demands damages against defendants, jointly and severally in an amount of damages to be determined at trial according to proof.

59. Plaintiff may retain the services of one or more attorneys in this matter, and if he prevails is entitled to his reasonable attorney fees pursuant to 29 USC 794a(b).

**SECOND CAUSE OF ACTION- Title II of the Americans with Disabilities Act** 42 USC 12101 et seq. Against defendant Los Angeles Unified School District Board of Education

60. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

61. Defendant LAUSD is a public entity as defined within 42 USC 12131 section 201, and subject to the provisions of Title II of the Americans with Disabilities Act.

62. The special education students enrolled in Plaintiff's classes were, and are qualified individuals with a disability as defined within 42 USC 12131 section 201, and subject to the provisions of Title II of the Americans with Disabilities Act.

63. The acts and/or omissions of Defendant LAUSD reported by Plaintiff to LAUSD office of Educational Equity Compliance fall within the definition of discrimination as set forth in 42 USC 12132 in that said students by and through the acts and/or omissions reported by plaintiff, were indisputably reported to have been denied benefit of the services, programs and activities of the school in form of other elective class choices, based on their disabilities, and thus subjected to discrimination by defendants.

64. As a direct and proximate cause of plaintiff's complaints to LAUSD office of Educational Equity Compliance, Defendant LAUSD violated 42 USC 12203 (a) by an intentional and systematic pattern of retaliatory acts including coercion, harassment, intimidation, threats and interference, demotion, loss of employment position, and wage loss, as more fully set forth above.

65. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Kilroy has suffered, and continues to suffer, severe mental,

emotional, and physical distress, loss of earnings and benefits and is entitled to and demands damages against defendant Los Angeles, jointly and severally in an amount of damages to be determined at trial according to proof.

66. Plaintiff may retain the services of one or more attorneys in this matter, and if he prevails is entitled to his reasonable attorney fees pursuant to 29 USC 794a(b).

## Third Cause of Action- VIOLATION OF CIVIL RIGHTS ACT OF 1964,

### TITLE VI 42 USC § 2000d

#### Race Discrimination

(Against Defendant Los Angeles Unified School District Board of Education)

This action is appropriate to be brought under a private attorney general theory because it seeks enforcement of an important right affecting the public interest and the result of this lawsuit will benefit members of the public , who have been deprived by the negligence and otherwise wrongful conduct of the Los Angeles Unified School District Board of Education.

67. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

68. Plaintiff is informed and believes and based upon such information thereon alleges that defendant LAUSD is a recipient of Federal financial assistance from

the Department of Education, and by virtue thereof is subject to provisions of the

Civil Rights Act of 1964, 42 USC § 2000d.

69. Specifically, Plaintiff complains of Defendant's violation of  Title VI

prohibition against discrimination  based, in whole or in part, upon race.

70. Plaintiff teacher Kilroy's Hispanic students are  a member of a class protected

against race based discrimination by Plaintiff's  employer, Defendant, or its

supervisory personnel.

71. At all relevant times, Defendant  LOS ANGELES UNIFIED SCHOOL

DISTRICT BOARD OF EDUCATION  facially presents itself as intolerant of

racially discriminatory practices.

72.    As a further result of Defendant's above stated actions, Plaintiff's Hispanic

students have been subjected to discriminatory excessive out of school

suspensions, and, subject to discovery, exaggerated offense descriptions entered

into their school "49079" records.

73. Plaintiff may retain the services of one or more attorneys on behalf of his

students in this matter, under the Civil Rights Act of 1964 and 1991 and Title VII,

and  if he prevails is entitled to his reasonable attorney fees pursuant , expert

witness fees, damages for the class, and declatory and injunctive relief  under

U.S.C. Section 1981.

74.Defendant as recipient of Federal funds,  violates Title VI  by , excessive

punitive measures in the form of out of school suspensions  against Hispanic students.  Said suspended students are also evidenced by records to be from households of poverty and were used  as "bad" students to retaliate against Plaintiff in discriminate programming , denying them access to parts of the educational program such as other elective choices.  In the public interest, defendant  receives Title 1 Federal funds specifically to aid these students from households of poverty. By defendant's actions, Hispanic students from poverty  are demoralized, feel castigated and frustrated , "act out" more, and get into more trouble academically.

75. By this practice defendant's  actions work in antithesis to Title 1 efforts by:

a.)widening   the achievement gap between high- and low-performing children, especially the achievement gaps between minority and nonminority students, and between disadvantaged children and their more advantaged peers; Title 1 ,sec 1001, (3) .

b.) Making it more difficult for teachers to meet the educational needs of low-achieving children in our Nation's highest-poverty schools Title 1 ,sec 1001, (2).

c.) Failing to provide Hispanic students from households of poverty access to all available electives whilst using them as pawns to retaliate against Plaintiff. Failing to provide the over-suspended Hispanics of poverty quarantined in Plaintiff's classroom  an enriched and accelerated educational program, including the use of schoolwide programs or additional services that increase the amount and quality of

instructional time; Title 1, sec 1001, (8).

76. As a direct and proximate result of the acts and omissions of Defendants, Hispanic students of poverty have suffered, and continue to suffer, and are entitled to injunctive and declaratory relief to be determined at trial according to proof.

77. Plaintiff may retain the services of one or more attorneys in this matter, and if he prevails is entitled to his reasonable attorney fees pursuant to 42 USC 1988.

### FOURTH CAUSE OF ACTION- Color of state law violation, 42 USC 1983

(Against Defendant's Nury Martinez in her individual capacity, Richard Vladovic in his individual capacity, Marguerite LaMotte in her individual capacity, Monica Garcia in her individual capacity, Tamar Galatzan in her individual capacity, Steve Zimmer in his individual capacity, John Deasy in his individual capacity, Bennett Kayser in his individual capacity, John Brasfield in his individual capacity, Judith Vanderbok in her individual capacity, capacity, Marc Strassner in his individual capacity, Janet Kiddoo in her individual capacity).

78. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein

79. The actions of LAUSD, through employees, were done under color of state law. LAUSD failed to receive, investigate or act on Plaintiff's repeated complaints of violations of constitutional rights. The pattern of non-response and retaliations at the highest levels of LAUSD indicates existence of a continuing, wide spread, persistent pattern of unconstitutional misconduct and deliberate indifference to, or tacit authorization of such conduct by governmental entity policy-making officials after repeated notice to the officials of the misconduct.. Plaintiff was injured by acts pursuant to the LAUSD unwritten policy and custom, which was the moving

force behind constitutional violations. A reasonable person would surmise that LAUSD' failure to properly investigate and take corrective action was unreasonable under the prevailing circumstances and thus violated the Plaintiff's right to Equal Protection Under the Law and Due Process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

80.    Defendants failed to adequately train, supervise ,discipline, and screen their supervisors and managers order to protect members of the public, including Plaintiff and students, from being harmed unnecessarily. This failure visited violations of fifth and fourteenth amendment due process rights and equal protections under the law.

81.    Said defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

82. Said defendants engaged in custom or practice of non-responses, and stalling due process in violation of fifth and fourteenth amendment rights and equal protections under the law that is not written or formally adopted, but that is a pervasive, longstanding practice that has the force of law and harmed Plaintiff, see e.g., Gregory v. City of Louisville, 444 F.3d 725, 754 (6th Cir. 2006). Board of Education officials knew or reasonably should have known that inaction taken would violate the constitutional rights of the plaintiff, and/or took inaction to cause a deprivation of constitutional rights or injury to plaintiff, and are thus

liable under Section 1983. Board members knew, or reasonably should have known, the relevant standard.

83. Said defendant official who is asserted to be the final policymaker, was informed about the Thomson's incident and to reasonable persons his deliberate decisions and/or inaction visited constitutional violations of the 5th and 14th amendments of the constitution , harming Plaintiff and students, City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83 (1989)).

84. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff has suffered, and continues to suffer, severe mental, emotional, and physical distress, loss of earnings and benefits, and is entitled to and demands damages against defendants in their individual capacities, jointly and severally in an amount of damages to be determined at trial according to proof, and declaratory and injunctive relief against defendants in manner to be determined at trial.

85. Plaintiff may retain the services of one or more attorneys in this matter, and if he prevails is entitled to his reasonable attorney fees .

<br>

## FIFTH CAUSE OF ACTION

## **VIOLATION OF TITLE VII**

**of the Civil Rights Acts of 1964, 1991**, 42 U.S.C. 2000-e, et seq.(Hostile Work

Environment Theory)

(Against Defendant Los Angeles Unified School District Board of Education)

86. Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs of the Complaint as though set forth at length herein.

87. This claim is authorized and instituted pursuant to the provisions of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended by

Civil Rights Act of 1991 for relief based upon the unlawful employment practices

of the above-named Defendant. Specifically, Plaintiff complains of Defendant's

violation of Title VII's prohibition against discrimination in employment, based, in

whole or in part, upon an employee's sex as defined in "hostile work environment "

by EEOC. The verbal slurs of a sexual nature Plaintiff was subjected to by

defendant were implicitly a term or condition of Plaintiff teacher's employment.

For defendant, Plaintiff being called faggot, being harassed by sexual slurs and

being told he was going to have the "shit slapped outta him", was considered "part

of the job". This had the purpose or effect of unreasonably interfering with the

teacher's work performance and creating an intimidating, hostile, and offensive

working environment, is a violation of Title VII , and constitutes "hostile work

environment". CFR § 1604.11(1)(3).

88.     Plaintiff is a male and during his employment with Defendant was thus a member of a class protected under Title VII against discrimination by his employer, Defendant, or its supervisory personnel.

89.     At all relevant times, Plaintiff KILROY fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendant.

90.     As a further result of Defendant's above stated actions, Plaintiff has been, subjected to "hostile work environment" and deprivation of equal protection within defendant's jurisdiction under existing law in violation of 14th amendment.

91. Plaintiff may retain the services of one or more attorneys in this matter, and if he prevails is entitled to his reasonable attorney fees pursuant ,and expert witness fees, and emotional distress and punitive damages, under the Civil Rights Acts of 1964 and 1991 as amended.

WHEREFORE Plaintiff seeks relief as set forth below.

<u>PRAYER FOR RELIEF</u>

Plaintiff prays for damages as follows:

1.For reasonable Compensatory Damages for mental anguish and damage to his reputation in an amount according to proof.

2.For reasonable Incidental Damages in an amount according to proof.

3. For the cost of the suit herein in an amount according to proof.

4. For a preliminary and permanent injunction against Defendant and its board members, administrators, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs and usages set forth herein.

5.                    In The Public's Interest

In regard to Private Attorney General Act claim under Title VI.

a.) For an order that defendants change their illegal practice of discriminatory suspension against Hispanics from households of poverty, whilst defendant receives Title 1 monies from the pockets of the public earmarked to aid students from households of poverty . This practice contributes to approximately 60% graduation rate in LAUSD , and to public debt. That defendant cease implicit communicating to Hispanic students of poverty the contemptuous and disrespectful expectation that they are suited to play on their ipods and cellphones all day, call teachers names, threaten teachers, disturb the opportunity of other students, fail, and never graduate from high school. That defendant institute proactive measures district wide to cease excessive suspension of Hispanic students from poverty. These mandated measures to be enacted by an order that the proactive practical and concrete measures for reduced suspension, student success, respect, and non-abusive , non racist, non-classist environment instituted at

Arleta High School, and proven successful, be mandated throughout district. These "nuts and bolts" measures to include but not be limited to, all schools adopting the verbatim Ed. Code 48900 language of Arleta High dean referral form that has been proven functional, all schools adopting the verbatim language of Arleta High electronics policy evidenced herein that has been proven functional, and development of uniform district wide classroom rules likewise incorporating the legal language of Ed Code 48900. These measures to be mandated throughout the district in every school classroom uniformly, and distributed to students and parents at every school at the beginning of each semester, and displayed in classrooms throughout district .That, to reduce suspensions and increase success, teachers are trained to proactively go over the foregoing with new students at beginning of semester/year.

6) A declaratory judgment that the practices complained of in this first amended complaint are unlawful and violate the Rehabilitation Act, 29 USC 794; Title II of the Americans With Disabilities Act 42 USC 12101, Et Seq, Title VI of the Civil Rights Act of 1964, 42 USC 2000d Et Seq. 42 USC Section 1983,14th Amendment, 5th Amendment, and Title VII of the Civil Rights Acts of 1964,1991, 42 USC 2000-e, et seq.

7) An order restoring Plaintiff to his rightful position at Van Nuys high School.

8) For punitive damages to be determined at trial as intentional conduct of

defendant was illegal and/or in violation of societal norms, and should be punished

with exemplary and punitive damages in an amount commensurate with

Defendant's ability to pay and to deter future conduct.

9) For reasonable attorneys fees and reasonable expert witness fees.

10) For other such relief as the court may deem appropriate.

Dated: Oct 9th, 2013                    By: _____

                                            LORCAN KILROY

## JURY TRIAL REQUESTED

Plaintiff KILROY requests a jury trial.

### Verification

I have read the foregoing document and know its contents. I am informed
and believe and on that ground allege that the matters stated in the forgoing
document are. I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

28 USC § 1746

Executed at Los Angeles, California this ___9th___ day of October      2013.

By: _____

        LORCAN KILROY

Comprehensive Student History Report - Summary

29

*student #1*

| | | | |
|---|---|---|---|
| Student Name | ████ | School Name | VAN-ARTS, MEDIA & ENT |
| District ID | | School Code | 8675 |
| Prior Dist ID(s) | | Current Grade | 10 |
| SSID | | Grade entered LAUSD | 0 |
| Contact Address | | Class of | 2014 |
| | | Ethnicity | HISPANIC |
| Date of Birth | | Poverty Indicator | YES |
| Gender | | Migrant Indicator | NO |
| Lang Class | | Homeless Indicator | NOT HOMELESS |
| Home Language | ENGLISH | Gifted | |
| Birth Country | USA | SPED | Y |
| | | last updated on | APR 17, 2013 |

*Latino Poverty*  *Special education*

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

Comprehensive Student History Report - Suspensions

| | | | |
|---|---|---|---|
| Student Name | ████ | School Name | VAN-ARTS, MEDIA & ENT |
| District ID | | School Code | 8675 |
| SSID | | Recent Grade | 10 |
| Date of Birth | | last updated on | APRIL 2012-2013 |

*Special education*

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 09 | VAN NUYS SH | 8893 | 07-Dec-10 | OBSCENITY/PROFANITY/VULGARITY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2009-2010 | 08 | FULTON COLLEGE PREP | 8142 | 13-Apr-10 | OBSCENITY/PROFANITY/VULGARITY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | FULTON COLLEGE PREP | 8142 | 09-Dec-09 | OBSCENITY/PROFANITY/VULGARITY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2008-2009 | 07 | FULTON COLLEGE PREP | 8142 | 18-Jun-09 | OBSCENITY/PROFANITY/VULGARITY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | FULTON COLLEGE PREP | 8142 | 26-Sep-08 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2007-2008 | 06 | FULTON COLLEGE PREP | 8142 | 11-Apr-08 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |

Comprehensive Student History Report - Summary

*student #2*

| | | | |
|---|---|---|---|
| Student Name | ████ | School Name | VAN-ARTS, MEDIA & ENT |
| District ID | | School Code | 8675 |
| Prior Dist ID(s) | | Current Grade | 09 |
| SSID | | Grade entered LAUSD | 5 |
| Contact Address | | Class of | 2015 |
| | | Ethnicity | HISPANIC |
| Date of Birth | | Poverty Indicator | YES |
| Gender | | Migrant Indicator | NO |
| Lang Class | LIMITED ENGLISH PROFICIENCY | Homeless Indicator | NOT HOMELESS |
| Home Language | SPANISH | Gifted | |
| Birth Country | MEXICO | SPED | |
| | | last updated on | APR 17, 2013 |

*Latino poverty*

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

Comprehensive Student History Report - Suspensions

| | | | |
|---|---|---|---|
| Student Name | ████ | School Name | VAN-ARTS, MEDIA & ENT |
| District ID | | School Code | 8675 |
| SSID | | Recent Grade | 09 |
| Date of Birth | | last updated on | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 08 | VAN NUYS MS | 8434 | 14-Mar-11 | WILLFUL USE OF FORCE/VIOLENCE NOT SELF-DEFENSE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

EX. A.   40

*Student 3*   *30*

# Comprehensive Student History Report - Suspensions

**Student Name** ▮▮▮
**District ID**
**SSID**
**Date of Birth**

School Name  VAN-HUMANITAS
School Code  8939
Recent Grade  12
last updated on  APRIL 2012-2013

*Latino Poverty*

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 09 | VAN NUYS SH | 8893 | 08-Apr-11 | OBSCENITY/PROFANITY/VULGARITY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS SH | 8893 | 30-Mar-11 | DRUG PARAPHERNALIA | OUT-OF-SCHOOL SUSPENSION | 1.0 |

# Comprehensive Student History Report - Summary

**Student Name**
**District ID**
**Prior Dist ID(s)**
**SSID**
**Contact Address**

**Date of Birth**
**Gender**
**Lang Class**

**Home Language**
**Birth Country**

School Name  VAN-HUMANITAS
School Code  8939
Current Grade  12
Grade entered LAUSD  7
Class of  2013
Ethnicity  HISPANIC
Poverty Indicator  YES
Migrant Indicator  NO
Homeless Indicator  NOT HOMELESS
Gifted

SPED
*last updated on*  APR 17, 2013

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

---



# Comprehensive Student History Report - Summary

**Student Name**  ▮▮▮ RICKY
**District ID**
**Prior Dist ID(s)**
**SSID**
**Contact Address**

**Date of Birth**
**Gender**
**Lang Class**
**Home Language**
**Birth Country**

School Name
School Code
Current Grade  10
Grade entered LAUSD  10
Class of  2014
Ethnicity  HISPANIC
Poverty Indicator  YES
Migrant Indicator  NO
Homeless Indicator  NOT HOMELESS
Gifted
SPED  Y
*last updated on*  APR 03, 2013

*Latino Poverty special education*

Summary Information for the Student is shown below. In order to see the full detail of each section, pl... ...e section title. Note: Each section

**Student Name**
**District ID**
**SSID**
**Date of Birth**

School Name
School Code
Recent Grade  10
*last updated on*  APRIL 2012-2013

*special ed.*

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2011-2012 | 09 | VAN NUYS SH | 8893 | 26-Apr-12 | WILLFUL USE OF FORCE/VIOLENCE NOT SELF-DEFENSE | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| 2010-2011 | 09 | VAN NUYS SH | 8893 | 24-Sep-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2009-2010 | 08 | VAN NUYS MS | 8434 | 04-May-10 | DRUG PARAPHERNALIA | OUT-OF-SCHOOL SUSPENSION | 1.0 |

*EX. A. 41*

Artet
(5)

## Comprehensive Student History Report - Summary

31

| | | | |
|---|---|---|---|
| Student Name | | School Name | VAN-TECH ARTS |
| District ID | | School Code | 8940 |
| Prior Dist ID(s) | | Current Grade | 09 |
| SSID | | Grade entered LAUSD | 0 |
| Contact Address | | Class of | 2013 |
| | | Ethnicity | HISPANIC |
| | | Poverty Indicator | YES |
| Date of Birth | | Migrant Indicator | NO |
| Gender | | Homeless Indicator | NOT HOMELESS |
| Lang Class | ENGLISH | Gifted | |
| Home Language | | SPED | |
| Birth Country | USA | *last updated on* | APR 17, 2013 |

LATINO  Poverty

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

## prehensive Student History Report - Suspensions



| | | | |
|---|---|---|---|
| Student Name | | School Name | VAN-TECH ARTS |
| District ID | | School Code | 8940 |
| SSID | | Recent Grade | 09 |
| Date of Birth | | *last updated on* | MAY 2011-2012 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 09 | VAN NUYS SH | 8893 | 06-May-11 | POSSESSION OF CONTROL SUBSTANCE, EXCEPT 1ST OFFENSE OF MARIJUANA OF < 1 OZ | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2009-2010 | 09 | VAN NUYS SH | 8893 | 04-May-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2008-2009 | 08 | MADISON MS | 8230 | 19-May-09 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2007-2008 | 07 | FULTON COLLEGE PREP | 8142 | 06-Nov-07 | KNIFE/EXPLOSIVE/DANGEROUS OBJECT | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2006-2007 | 06 | FULTON COLLEGE PREP | 8142 | 27-Apr-07 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | FULTON COLLEGE PREP | 8142 | 30-Oct-06 | KNIFE/EXPLOSIVE/DANGEROUS OBJECT | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2005-2006 | 05 | HAZELTINE EL | 4493 | 20-Dec-05 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | HAZELTINE EL | 4493 | 17-Aug-05 | SEXUAL HARASSMENT (GR 4-12) | OUT-OF-SCHOOL SUSPENSION | 2.0 |

EX. A    42.

*Student 6* *32*

## Comprehensive Student History Report - Summary

| | |
|---|---|
| Student Name | |
| District ID | |
| Prior Dist ID(s) | |
| SSID | |
| Contact Address | |
| | |
| Date of Birth | |
| Gender | |
| Lang Class | ENGLISH |
| | |
| Home Language | |
| Birth Country | |

| | |
|---|---|
| School Name | VAN-HLTH CAR/CULINRY |
| School Code | 8938 |
| Current Grade | 12 |
| Grade entered LAUSD | 12 |
| Class of | 2012 |
| Ethnicity | HISPANIC |
| Poverty Indicator | YES |
| Migrant Indicator | NO |
| Homeless Indicator | SINGLE-ROOM-OCCUPANCY BUILDING |
| Gifted | |
| SPED | Y |
| last updated on | APR 03, 2013 |

*Special ed.* *Poverty* *Latino*

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | |
| District ID | |
| SSID | |
| Date of Birth | |

| | |
|---|---|
| School Name | VAN-HLTH CAR/CULINRY |
| School Code | 8938 |
| Recent Grade | 12 |
| last updated on | MAY 2011-2012 |

*Special education*

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2008-2009 | 07 | VAN NUYS MS | 8434 | 08-Jun-09 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 02-Feb-09 | DRUG PARAPHERNALIA | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 19-Nov-08 | RECEIVED STOLEN SCHOOL OR PRIVATE PROPERTY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2007-2008 | 07 | FULTON COLLEGE PREP | 8142 | 12-May-08 | KNIFE/EXPLOSIVE/DANGEROUS OBJECT | OUT-OF-SCHOOL SUSPENSION | 3.0 |
| | | VAN NUYS MS | 8434 | 25-Jan-08 | STOLE OR ATTEMPTED TO STEAL SCHOOL OR PRIVATE PROPERTY | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| | | VAN NUYS MS | 8434 | 18-Jan-08 | STOLE OR ATTEMPTED TO STEAL SCHOOL OR PRIVATE PROPERTY | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| | | VAN NUYS MS | 8434 | 10-Dec-07 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 05-Dec-07 | DRUG PARAPHERNALIA | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 23-Oct-07 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2003-2004 | 03 | ERWIN EL | 3630 | 04-Feb-04 | IMITATION FIREARM | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2002-2003 | 02 | ERWIN EL | 3630 | 19-Sep-02 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2001-2002 | 02 | ERWIN EL | 3630 | 12-Dec-01 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

*Ex. A* _____ *43*

## Comprehensive Student History Report - Summary

Student (7)

33

| | |
|---|---|
| Student Name | School Name        VAN-HLTH CAR/CULINRY |
| District ID | School Code        8938 |
| Prior Dist ID(s) | Current Grade      11 |
| SSID | Grade entered LAUSD  4 |
| Contact Address | Class of           2013 |
| | Ethnicity          HISPANIC |
| | Poverty Indicator   YES |
| Date of Birth | Migrant Indicator   NO |
| Gender | Homeless Indicator  NOT HOMELESS |
| Lang Class             CIENCY | Gifted |
| Home Language | SPED |
| Birth Country | last updated on     APR 17, 2013 |

*Latino Poverty*

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

---

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | School Name  VAN-HLTH CAR/CULINRY |
| District ID | School Code  8938 |
| SSID | Recent Grade  11 |
| Date of Birth | last updated on  APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2011-2012 | 10 | VAN NUYS SH | 8893 | 26-Oct-11 | HARASSED/THREATENED/INTIMIDATED PUPIL OR SCHOOL PERSONNEL (GR 4-12) | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2010-2011 | 09 | VAN NUYS SH | 8893 | 30-Mar-11 | KNIFE/EXPLOSIVE/DANGEROUS OBJECT | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| 2008-2009 | 08 | VAN NUYS MS | 8494 | 16-Apr-09 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

---

## Comprehensive Student History Report - Summary

(8)

| | |
|---|---|
| Student Name | School Name        VAN-TECH ARTS |
| District ID | School Code        8940 |
| Prior Dist ID(s) | Current Grade      09 |
| SSID | Grade entered LAUSD  6 |
| Contact Address | Class of           2015 |
| | Ethnicity          HISPANIC |
| | Poverty Indicator   YES |
| Date of Birth | Migrant Indicator   NO |
| Gender | Homeless Indicator  NOT HOMELESS |
| Lang Class       GLISH PROFICIENCY | Gifted |
| Home Language | SPED                Y |
| Birth Country | last updated on     APR 17, 2013 |

*Latino Poverty*

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

---

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | School Name  VAN-TECH ARTS |
| District ID | School Code  8940 |
| SSID       education | Recent Grade  09 |
| Date of Birth | last updated on  APRIL 2012-2013 |

*SPED*

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2008-2009 | 06 | WOODLAND HILLS ACAD | 8344 | 29-May-09 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 3.0 |



EX. A

44

⑨

| | | |
|---|---|---|
| Student Name | School Name | |
| District ID | School Code | |
| Prior Dist ID(s) | Current Grade | 09 |
| SSID | Grade entered LAUSD | 9 |
| Contact Address | Class of | 2015 |
| | Ethnicity | HISPANIC |
| | Poverty Indicator | YES |
| Date of Birth | Migrant Indicator | NO |
| Gender | Homeless Indicator | NOT HOMELESS |
| Lang Class | Gifted | |
| Home Language | SPED | Y |
| Birth Country | last updated on | APR 03, 2013 |

*Latino Poverty 34*
*special education*

## Comprehensive Student History Report - Suspensions

| | | |
|---|---|---|
| Student Name | School Name | |
| District ID | School Code | |
| SSID | Recent Grade | 09 |
| Date of Birth | last updated on | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 08 | VAN NUYS MS | 8434 | 02-Jun-11 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| | | VAN NUYS MS | 8434 | 03-Dec-10 | DRUG PARAPHERNALIA | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2007-2008 | U | VAN NUYS EL | 7438 | 19-Sep-07 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 2.0 |

⑩

## Comprehensive [...] Report - Summary

| | | |
|---|---|---|
| Student Name | School Name | VAN-TECH ARTS |
| District ID | School Code | 8940 |
| Prior Dist ID(s) | Current Grade | 12 |
| SSID | Grade entered LAUSD | 0 |
| Contact Address | Class of | 2012 |
| | Ethnicity | HISPANIC |
| | Poverty Indicator | YES |
| Date of Birth | Migrant Indicator | NO |
| Gender | Homeless Indicator | NOT HOMELESS |
| Lang Class | Gifted | |
| Home Language | CIENCY | SPED | |
| Birth Country | last updated on | APR 17, 2013 |

*Latino Poverty*

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

## Comprehensive Student History Report - Suspensions

| | | |
|---|---|---|
| Student Name | School Name | VAN-TECH ARTS |
| District ID | School Code | 8940 |
| SSID | Recent Grade | 12 |
| Date of Birth | last updated on | JUNE 2011-2012 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 10 | VAN NUYS SH | 8893 | 02-Dec-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2008-2009 | 09 | VAN NUYS SH | 8893 | 13-Nov-08 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS SH | 8893 | 27-Oct-08 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

EX. A.    45

35



## Comprehensive Student History Report - Summary

| | |
|---|---|
| Student Name | |
| District ID | |
| Prior Dist ID(s) | |
| SSID | |
| Contact Address | |

| | |
|---|---|
| School Name | ROGERS HS |
| School Code | 8895 |
| Current Grade | 12 |
| Grade entered LAUSD | 8 |
| Class of | 2012 |
| Ethnicity | HISPANIC |
| Poverty Indicator | NO |
| Migrant Indicator | NO |
| Homeless Indicator | NOT HOMELESS |
| Gifted | |

LATINO

| | |
|---|---|
| Date of Birth | |
| Gender | |
| Lang Class | RECLASSIFIED FLUENT ENGLISH PROFICIENCY |
| Home Language | SPANISH |
| Birth Country | USA |

| | |
|---|---|
| SPED | |
| last updated on | APR 17, 2013 |

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | |
| District ID | |
| SSID | |
| Date of Birth | |

| | |
|---|---|
| School Name | |
| School Code | |
| Recent Grade | 12 |
| last updated on | JUNE 2011-2012 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2007-2008 | 08 | MADISON MS | 8230 | 11-Jun-08 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 3.0 |
| | | MADISON MS | 8230 | 10-Mar-08 | POSSESSION OF CONTROL SUBSTANCE, EXCEPT 1ST OFFENSE OF MARIJUANA OF < 1 OZ | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| | | MADISON MS | 8230 | 15-Feb-08 | OBSCENITY/PROFANITY/VULGARITY | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| 2006-2007 | 07 | MADISON MS | 8230 | 25-Apr-07 | POSSESSION OF CONTROL SUBSTANCE, EXCEPT 1ST OFFENSE OF MARIJUANA OF < 1 OZ | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| | | MADISON MS | 8230 | 14-Sep-06 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| 2005-2006 | 06 | FULTON COLLEGE PREP | 8142 | 24-Apr-06 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| | | FULTON COLLEGE PREP | 8142 | 16-Nov-05 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2004-2005 | 05 | VAN NUYS EL | 7438 | 03-Mar-05 | KNIFE/EXPLOSIVE/DANGEROUS OBJECT | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS EL | 7438 | 18-Feb-05 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2003-2004 | 04 | VAN NUYS EL | 7438 | 30-Sep-03 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 2.0 |

EX. A

46.



(12)    36

## Comprehensive Student History Report - Summary

| | |
|---|---|
| Student Name | |
| District ID | |
| Prior Dist ID(s) | |
| SSID | |
| Contact Address | |
| | |
| Date of Birth | |
| Gender | |
| Lang Class | |
| Home Language | |
| Birth Country | |

| | |
|---|---|
| School Name | MILLER CTC |
| School Code | 1910 |
| Current Grade | 10 |
| Grade entered LAUSD | 10 |
| Class of | 2014 |
| Ethnicity | HISPANIC |
| Poverty Indicator | YES |
| Migrant Indicator | NO |
| Homeless Indicator | NOT HOMELESS |
| Gifted | |
| SPED | Y |
| last updated on | APR 03, 2013 |

*Latino poverty*

*Special education*

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | |
| District ID | |
| SSID | |
| Date of Birth | |

| | |
|---|---|
| School Name | MILLER CTC |
| School Code | 1910 |
| Recent Grade | 10 |
| last updated on | APRIL 2012-2013 |

*Special education*

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2011-2012 | 09 | VAN NUYS SH | 8893 | 26-Apr-12 | WILLFUL USE OF FORCE/VIOLENCE NOT SELF-DEFENSE | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| 2010-2011 | 09 | VAN NUYS SH | 8893 | 24-Sep-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2009-2010 | 08 | VAN NUYS MS | 8434 | 04-May-10 | DRUG PARAPHERNALIA | OUT-OF-SCHOOL SUSPENSION | 1.0 |



(13)

## Comprehensive Student History Report - Summary

| | |
|---|---|
| Student Name | |
| District ID | |
| Prior Dist ID(s) | |
| SSID | |
| Contact Address | |
| | |
| Date of Birth | |
| Gender | |
| Lang Class | |
| | |
| Home Language | |
| Birth Country | |

| | |
|---|---|
| School Name | VAN-HUMANITAS |
| School Code | 8939 |
| Current Grade | 12 |
| Grade entered LAUSD | 0 |
| Class of | 2013 |
| Ethnicity | HISPANIC |
| Poverty Indicator | YES |
| Migrant Indicator | NO |
| Homeless Indicator | NOT HOMELESS |
| Gifted | |
| | |
| SPED | |
| last updated on | APR 17, 2013 |

*Latino poverty*

Summary information for the student is shown below. In order to see the full detail

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | |
| District ID | |
| SSID | |
| Date of Birth | |

| | |
|---|---|
| School Name | VAN-HUMANITAS |
| School Code | 8939 |
| Recent Grade | 12 |
| last updated on | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2008-2009 | 08 | ROMER MS | 8116 | 10-Jun-09 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| 2007-2008 | 07 | REED MS | 8355 | 13-Jun-08 | STOLE OR ATTEMPTED TO STEAL SCHOOL OR PRIVATE PROPERTY | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| 2003-2004 | 03 | LANKERSHIM EL | 4781 | 17-Dec-03 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |

 EX A     47

**14**   Comprehensiv̶̶̶̶̶̶History Report - Summary                                                **37**

| | |
|---|---|
| Student Name | School Name |
| District ID | School Code |
| Prior Dist ID(s) | Current Grade  09 |
| SSID | Grade entered LAUSD  2 |
| Contact Address | Class of  2015 |
| | Ethnicity  HISPANIC |
| | Poverty Indicator  YES |
| Date of Birth | Migrant Indicator  NO |
| Gender | Homeless Indicator  NOT HOMELESS |
| Lang Class | Gifted |
| Home Language | SPED |
| Birth Country | *last updated on*  APR 17, 2013 |

*Latino Poverty*

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | School Name |
| District ID | School Code |
| SSID | Recent Grade  09 |
| Date of Birth | *last updated on*  JUNE 2011-2012 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 08 | VAN NUYS MS | 8434 | 08-Jun-11 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 06-May-11 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 01-Mar-11 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 17-Dec-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 29-Oct-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2009-2010 | 07 | VAN NUYS MS | 8434 | 03-Jun-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 19-Mar-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 25-Feb-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 15-Jan-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2008-2009 | 06 | VAN NUYS MS | 8434 | 05-Jun-09 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

EX A.                                  48

(15)

| | |
|---|---|
| Student Name | |
| District ID | |
| Prior Dist ID(s) | |
| SSID | |
| Contact Address | |

| | |
|---|---|
| School Name | VAN-ARTS,MEDIA & ENT |
| School Code | 8675 |
| Current Grade | 10 |
| Grade entered LAUSD | 9 |
| Class of | 2013 |
| Ethnicity | HISPANIC |
| Poverty Indicator | YES |
| Migrant Indicator | NO |
| Homeless Indicator | NOT HOMELESS |
| Gifted | Y |
| SPED | |
| last updated on | APR 17, 2013 |

| | |
|---|---|
| Date of Birth | |
| Gender | |
| Lang Class | |
| Home Language | |
| Birth Country | |

*Latino Poverty*

*38*

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | |
| District ID | |
| SSID | |
| Date of Birth | |

| | |
|---|---|
| School Name | VAN-ARTS,MEDIA & ENT |
| School Code | 8675 |
| Recent Grade | 10 |
| last updated on | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2009-2010 | 09 | VAN NUYS SH | 8893 | 22-Apr-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS SH | 8893 | 03-Mar-10 | RECEIVED STOLEN SCHOOL OR PRIVATE PROPERTY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2007-2008 | 07 | SUTTER MS | 8406 | 23-Jan-08 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |

(16)

## Comprehensive Student History Report - Summary

| | |
|---|---|
| Student Name | |
| District ID | |
| Prior Dist ID(s) | |
| SSID | |
| Contact Address | |

| | |
|---|---|
| School Name | VAN-TECH ARTS |
| School Code | 8940 |
| Current Grade | 10 |
| Grade entered LAUSD | 4 |
| Class of | 2012 |
| Ethnicity | HISPANIC |
| Poverty Indicator | YES |
| Migrant Indicator | NO |
| Homeless Indicator | NOT HOMELESS |
| Gifted | |
| SPED | |
| last updated on | APR 17, 2013 |

| | |
|---|---|
| Date of Birth | |
| Gender | |
| Lang Class | CIENCY |
| Home Language | |
| Birth Country | |

*Latino Poverty*

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | |
| District ID | |
| SSID | |
| Date of Birth | |

| | |
|---|---|
| School Name | VAN-TECH ARTS |
| School Code | 8940 |
| Recent Grade | 10 |
| last updated on | JUNE 2011-2012 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2004-2005 | 05 | HAZELTINE EL | 4493 | 03-Aug-04 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 2.0 |

*EX A*

49



17

39

## Comprehensive Student History Report - Summary

| | |
|---|---|
| Student Name | |
| District ID | |
| Prior Dist ID(s) | |
| SSID | |
| Contact Address | |

| | |
|---|---|
| School Name | VAN-HLTH CAR/CULINRY |
| School Code | 8938 |
| Current Grade | 09 |
| Grade entered LAUSD | 8 |
| Class of | 2015 |
| Ethnicity | HISPANIC |
| Poverty Indicator | YES |
| Migrant Indicator | NO |
| Homeless Indicator | OTHER |
| Gifted | |
| SPED | |
| *last updated on* | APR 17, 2013 |

Latino Poverty

| | |
|---|---|
| Date of Birth | |
| Gender | |
| Lang Class | |
| Home Language | |
| Birth Country | |

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | |
| District ID | |
| SSID | |
| Date of Birth | |

| | |
|---|---|
| School Name | VAN-HLTH CAR/CULINRY |
| School Code | 8938 |
| Recent Grade | 09 |
| *last updated on* | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 08 | FULTON COLLEGE PREP | 8142 | 14-Oct-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2009-2010 | 07 | FULTON COLLEGE PREP | 8142 | 27-May-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| 2007-2008 | 05 | COHASSET EL | 3137 | 04-Jun-08 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 3.0 |
| | | COHASSET EL | 3137 | 12-Mar-08 | THREATENED/CAUSED/ATT EMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 2.0 |



Student
18

## Comprehensive Student History Report - Summary

| | |
|---|---|
| Student Name | |
| District ID | |
| Prior Dist ID(s) | |
| SSID | |
| Contact Address | |

| | |
|---|---|
| School Name | VAN-ARTS,MEDIA & ENT |
| School Code | 8675 |
| Current Grade | 10 |
| Grade entered LAUSD | 9 |
| Class of | 2014 |
| Ethnicity | HISPANIC |
| Poverty Indicator | YES |
| Migrant Indicator | NO |
| Homeless Indicator | NOT HOMELESS |
| Gifted | |
| SPED | |
| *last updated on* | APR 17, 2013 |

Latino Poverty

| | |
|---|---|
| Date of Birth | |
| Gender | |
| Lang Class | CIENCY |
| Home Language | |
| Birth Country | |

Summary Information for the student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | |
| District ID | |
| SSID | |
| Date of Birth | |

| | |
|---|---|
| School Name | VAN-ARTS,MEDIA & ENT |
| School Code | 8675 |
| Recent Grade | 10 |
| *last updated on* | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 09 | NO HOLLYWOOD SH | 8786 | 09-Nov-10 | THREATENED/CAUSED/ATT EMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |

EX. A

50

(19)   4.0

## Comprehensive Student History Report - Summary

| | | |
|---|---|---|
| Student Name | School Name | ROGERS HS |
| District ID | School Code | 8895 |
| Prior Dist ID(s) | Current Grade | 12 |
| SSID | Grade entered LAUSD | 0 |
| Contact Address | Class of | 2012 |
| | Ethnicity | HISPANIC |
| | Poverty Indicator | YES |
| Date of Birth | Migrant Indicator | NO |
| Gender | Homeless Indicator | NOT HOMELESS |
| Lang Class | Gifted | |
| Home Language | SPED | |
| Birth Country | last updated on | APR 17, 2013 |

*Latino Poverty*

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | School Name ROGERS HS |
| District ID | School Code 8895 |
| SSID | Recent Grade 12 |
| Date of Birth | last updated on APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 10 | VAN NUYS SH | 8893 | 14-Mar-11 | OBSCENITY/PROFANITY/VULGARITY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2005-2006 | 06 | SEPULVEDA MS | 8363 | 20-Apr-06 | KNIFE/EXPLOSIVE/DANGEROUS OBJECT | OUT-OF-SCHOOL SUSPENSION | 1.0 |

(20)

## Comprehensive ~ History Report - Summary

| | | |
|---|---|---|
| Student Name | School Name | VAN-TECH ARTS |
| District ID | School Code | 8940 |
| Prior Dist ID(s) | Current Grade | 12 |
| SSID | Grade entered LAUSD | 0 |
| Contact Address | Class of | 2011 |
| | Ethnicity | HISPANIC |
| | Poverty Indicator | YES |
| Date of Birth | Migrant Indicator | NO |
| Gender | Homeless Indicator | NOT HOMELESS |
| Lang Class | Gifted | Y |

*Latino Poverty*

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | School Name VAN-TECH ARTS |
| District ID | School Code 8940 |
| SSID | Recent Grade 12 |
| Date of Birth | last updated on JUNE 2011-2012 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2007-2008 | 09 | VAN NUYS SH | 8893 | 02-May-08 | OBSCENITY/PROFANITY/VULGARITY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS SH | 8893 | 25-Jan-08 | DAMAGED/ATTEMPTED TO DAMAGE SCHOOL OR PRIVATE PROPERTY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2006-2007 | 08 | VAN NUYS MS | 8434 | 02-Feb-07 | KNIFE/EXPLOSIVE/DANGEROUS OBJECT | OUT-OF-SCHOOL SUSPENSION | 3.0 |
| 2005-2006 | 07 | VAN NUYS MS | 8434 | 02-May-06 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

EX. A.

51

(21)  41

## Comprehensive S███████ Report – Summary

| | | | |
|---|---|---|---|
| Student Name | | School Name | ██████ON |
| District ID | | School Code | |
| Prior Dist ID(s) | | Current Grade | 09 |
| SSID | | Grade entered LAUSD | 0 |
| Contact Address | | Class of | 2015 |
| | | Ethnicity | HISPANIC | *Latins* |
| | | Poverty Indicator | NO |
| Date of Birth | | Migrant Indicator | NO |
| Gender | | Homeless Indicator | NOT HOMELESS |
| Lang Class | | Gifted | |
| Home Language | | SPED | |
| Birth Country | | last updated on | APR 17, 2013 |

Summary Information for the Stude███████ n order to see the full detail of each section, pleas█████████ ction title. Note: Each section detail may be launched in the same window as this report.

## Comprehensive Student History Report – Suspensions

| | | |
|---|---|---|
| Student Name | School Name | |
| District ID | School Code | |
| SSID | Recent Grade | 09 |
| Date of Birth | last updated on | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 08 | VAN NUYS MS | 8434 | 25-Mar-11 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS MS | 8434 | 17-Dec-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2009-2010 | 07 | MADISON MS | 8230 | 12-Mar-10 | POSSESSION OF CONTROL SUBSTANCE, EXCEPT 1ST OFFENSE OF MARIJUANA OF < 1 OZ | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| | | MADISON MS | 8230 | 02-Mar-10 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2006-2007 | 04 | HAZELTINE EL | 4493 | 17-Apr-07 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |



(22)

## Comprehensive Student History Report – Summary

| | | | |
|---|---|---|---|
| Student Name | ████, GABRIEL | School Name | VAN-HUMANITAS |
| District ID | | School Code | 8939 |
| Prior Dist ID(s) | | Current Grade | 10 |
| SSID | | Grade entered LAUSD | 0 |
| Contact Address | | Class of | 2015 |
| | | Ethnicity | HISPANIC | *Latins* |
| | | Poverty Indicator | YES | *Poverty* |
| Date of Birth | | Migrant Indicator | NO |
| Gender | | Homeless Indicator | NOT HOMELESS |
| Lang Class | | Gifted | |

## Comprehensive Student History Report – Suspensions

| | | |
|---|---|---|
| Student Name | ████ EL | School Name | VAN-HUMANITAS |
| District ID | School Code | 8939 |
| SSID | Recent Grade | 10 |
| Date of Birth | last updated on | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2009-2010 | 07 | MADISON MS | 8230 | 04-Nov-09 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 2.0 |

EX. A.



## Comprehensive Student History Report - Suspensions

(23)  42

| Student Name | | School Name | VAN-HLTH CAR/CULINRY |
| District ID | | School Code | 8938 |
| SSID | | Recent Grade | 11 |
| Date of Birth | | last updated on | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 09 | VAN NUYS SH | 8893 | 19-Jan-11 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |

## Comprehensive St___ ort - Summary

| Student Name | | School Name | VAN-HLTH CAR/CULINRY |
| District ID | | School Code | 8938 |
| Prior Dist ID(s) | | Current Grade | 11 |
| SSID | | Grade entered LAUSD | 9 |
| Contact Address | | Class of | 2013 |
| | | Ethnicity | HISPANIC — LATINO poverty |
| | | Poverty Indicator | YES — |
| Date of Birth | | Migrant Indicator | NO |
| Gender | | Homeless Indicator | NOT HOMELESS |
| Lang Class | | Gifted | |
| Home Language | | SPED | |
| Birth Country | | last updated on | APR 17, 2013 |

Summary Information for the Student is shown below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window as this report.



(24)

## Comprehensive Student History Report - Summary

| Student Name | | School Name | VAN-HLTH CAR/CULINRY |
| District ID | | School Code | 8938 |
| Prior Dist ID(s) | | Current Grade | 10 |
| SSID | | Grade entered LAUSD | 0 |
| Contact Address | | Class of | 2015 |
| | | Ethnicity | HISPANIC — LATINO poverty |
| | | Poverty Indicator | YES |
| Date of Birth | | Migrant Indicator | NO |
| Gender | | Homeless Indicator | NOT HOMELESS |
| Lang Class | ...NGLISH | Gifted | |
| Home Language | | SPED | |
| Birth Country | | last updated on | APR 17, 2013 |

Summary Information for the ___ own below. In order to see the full detail of each section, please click on the section title. Note: Each section

## Comprehensive Student History Report - Suspensions

| Student Name | | School Name | VAN-HLTH CAR/CULINRY |
| District ID | | School Code | 8938 |
| SSID | | Recent Grade | 10 |
| Date of Birth | | last updated on | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 08 | ROMER MS | 8116 | 05-May-11 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2006-2007 | 04 | VICTORY EL | 7521 | 07-Jun-07 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |

EX. A          53.

25)

4 3

## Comprehensive Student History Report - Summary

| | | | | |
|---|---|---|---|---|
| Student Name | | | School Name | |
| District ID | | | School Code | |
| Prior Dist ID(s) | | | Current Grade | 11 |
| SSID | | | Grade entered LAUSD | 0 |
| Contact Address | | | Class of | 2013 |
| | | | Ethnicity | HISPANIC |
| | | | Poverty Indicator | YES |
| Date of Birth | | | Migrant Indicator | NO |
| Gender | | | Homeless Indicator | NOT HOMELESS |
| Lang Class | | FICIENCY | Gifted | |
| Home Language | | | SPED | Y |
| Birth Country | | | last updated on | APR 12, 2013 |

Summary Information for ... ow below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in ... ow as this report.

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | School Name |
| District ID | School Code |
| SSID | Recent Grade  11 |
| Date of Birth | last updated on  APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2009-2010 | 09 | VAN NUYS SH | 8893 | 02-Jun-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

26

## Comprehensive S ... istory Report - Summary

| | | | | |
|---|---|---|---|---|
| Student Name | | | School Name | VAN-ARTS,MEDIA & ENT |
| District ID | | | School Code | 8675 |
| Prior Dist ID(s) | | | Current Grade | 10 |
| SSID | | | Grade entered LAUSD | 7 |
| Contact Address | | | Class of | 2014 |
| | | | Ethnicity | HISPANIC |
| | | | Poverty Indicator | YES |
| Date of Birth | | | Migrant Indicator | NO |
| Gender | | | Homeless Indicator | NOT HOMELESS |
| Lang Class | | CIENCY | Gifted | |
| Home Language | | | SPED | |
| Birth Country | | | last updated on | APR 17, 2013 |

Summary Information for th ... own below. In order to see the full detail of each section, please click on the section title. Note: Each section detail may be launched in the same window on this report.

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| Student Name | School Name  VAN-ARTS,MEDIA & ENT |
| District ID | School Code  8675 |
| SSID | Recent Grade  10 |
| Date of Birth | last updated on  APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2009-2010 | 08 | FULTON COLLEGE PREP | 8142 | 29-Jan-10 | POSSESSION OF CONTROL SUBSTANCE, EXCEPT 1ST OFFENSE OF MARIJUANA OF < 1 OZ | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| 2007-2008 | 06 | FULTON COLLEGE PREP | 8142 | 27-Sep/07 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |

EX. A            54.

*27*

| | |
|---|---|
| **Student Name** | **School Name** |
| **District ID** | **School Code** 09 |
| **Prior Dist ID(s)** | **Current Grade** 2 |
| **SSID** | **Grade entered LAUSD** 2 |
| **Contact Address** | **Class of** 2013 |
| | **Ethnicity** HISPANIC |
| | **Poverty Indicator** YES |
| **Date of Birth** | **Migrant Indicator** NO |
| **Gender** | **Homeless Indicator** NOT HOMELESS |
| **Lang Class** | **Gifted** |
| **Home Language** | **SPED** Y |
| **Birth Country** | *last updated on* APR 17, 2013 |

*Latinos 44*
*Poverty*
*Special Ed.*

## Comprehensive St......tory Report - Suspensions

| | |
|---|---|
| **Student Name** | **School Name** |
| **District ID** | **School Code** |
| **SSID** | **Recent Grade** 09 |
| **Date of Birth** | *last updated on* APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2011-2012 | 09 | VAN NUYS SH | 8893 | 24-Feb-12 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS SH | 8893 | 29-Aug-11 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2010-2011 | 09 | VAN NUYS SH | 8893 | 03-May-11 | WILLFUL USE OF FORCE/VIOLENCE NOT SELF-DEFENSE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS SH | 8893 | 01-Mar-11 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS SH | 8893 | 31-Jan-11 | THREATENED/CAUSED/ATTEMPTED PHYSICAL INJURY | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | VAN NUYS SH | 8893 | 23-Sep-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2009-2010 | 09 | VAN NUYS SH | 8893 | 02-Jun-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

*28*

## Comprehensive Student History Report - Summary

| | |
|---|---|
| **Student Name** | **School Name** VAN-TECH ARTS |
| **District ID** | **School Code** 8940 |
| **Prior Dist ID(s)** | **Current Grade** 09 |
| **SSID** | **Grade entered LAUSD** 7 |
| **Contact Address** | **Class of** 2015 |
| | **Ethnicity** HISPANIC |
| | **Poverty Indicator** YES |
| **Date of Birth** | **Migrant Indicator** NO |
| **Gender** | **Homeless Indicator** NOT HOMELESS |
| **Lang Class** | **Gifted** |
| **Home Language** | **SPED** |
| **Birth Country** | *last updated on* APR 17, 2013 |

Summary Information for the ......own below. In order to see the full detail of each section, please click on the section title. Note: Each section detail......

## Comprehensive Student History Report - Suspensions

| | |
|---|---|
| **Student Name** | **School Name** VAN-TECH ARTS |
| **District ID** | **School Code** 8940 |
| **SSID** | **Recent Grade** 09 |
| **Date of Birth** | *last updated on* MAY 2011-2012 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 08 | PORTER MS | 8354 | 07-Jun-11 | WILLFUL USE OF FORCE/VIOLENCE NOT SELF-DEFENSE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

EX. A.    55

(29)

## Comprehensive Student History Report - Summary

| | | | |
|---|---|---|---|
| Student Name |  | School Name | VAN-TECH ARTS |
| District ID | | School Code | 8940 |
| Prior Dist ID(s) | | Current Grade | 11 |
| SSID | | Grade entered LAUSD | 11 |
| Contact Address | | Class of | 2013 |
| | | Ethnicity | HISPANIC |
| | | Poverty Indicator | YES |
| Date of Birth | | Migrant Indicator | NO |
| Gender | | Homeless Indicator | NOT HOMELESS |
| Lang Class | NGLISH | Gifted | |
| Home Language | | SPED | |
| Birth Country | USA | *last updated on* | APR 17, 2013 |

LAtino poverty

45

the full detail of each section, please click on the section title. Note: Each section

## Comprehensive Student History Report - Suspensions

| | | | |
|---|---|---|---|
| Student Name | | School Name | VAN-TECH ARTS |
| District ID | | School Code | 8940 |
| SSID | | Recent Grade | 11 |
| Date of Birth | | *last updated on* | JUNE 2011-2012 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2007-2008 | 07 | VAN NUYS MS | 8434 | 14-Feb-08 | WILLFUL USE OF FORCE/VIOLENCE NOT SELF-DEFENSE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

(30)

## Comprehensive ... istory Report - Summary

| | | | |
|---|---|---|---|
| Student Name | | School Name | NO HOLLYWOOD SH |
| District ID | | School Code | 8786 |
| Prior Dist ID(s) | | Current Grade | 09 |
| SSID | | Grade entered LAUSD | 0 |
| Contact Address | | Class of | 2015 |
| | | Ethnicity | HISPANIC |
| Date of Birth | | Poverty Indicator | YES |
| Gender | | Migrant Indicator | NO |
| Lang Class | LISH PROFICIENCY | Homeless Indicator | NOT HOMELESS |
| | | Gifted | |

LAtino poverty

## Comprehensive Student History Report - Suspensions

| | | | |
|---|---|---|---|
| Student Name | | School Name | NO HOLLYWOOD SH |
| District ID | | School Code | 8786 |
| SSID | | Recent Grade | 09 |
| Date of Birth | | *last updated on* | APRIL 2012-2013 |

| School Year | Grade | Suspended School Name | Suspended School Code | Suspension Date | Suspension Reason | Suspension Type | # Days Suspended |
|---|---|---|---|---|---|---|---|
| 2010-2011 | 08 | FULTON COLLEGE PREP | 8142 | 25-Mar-11 | ROBBERY/EXTORTION | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | FULTON COLLEGE PREP | 8142 | 25-Jan-11 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | FULTON COLLEGE PREP | 8142 | 15-Nov-10 | DRUG PARAPHERNALIA | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| 2009-2010 | 07 | FULTON COLLEGE PREP | 8142 | 11-Jun-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | FULTON COLLEGE PREP | 8142 | 01-Jun-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 2.0 |
| | | FULTON COLLEGE PREP | 8142 | 10-Mar-10 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |
| | | FULTON COLLEGE PREP | 8142 | 15-Dec-09 | DISRUPTION/WILLFUL DEFIANCE | OUT-OF-SCHOOL SUSPENSION | 1.0 |

EX. A

56



# Arleta High School
## *Home of the Mustangs*

14200 Van Nuys Boulevard
Arleta, California 91331
(818) 686-4100

Dr. John E. Deasy
*Superintendent*

Linda Del Cueto
*Superintendent*
North ESC

Dr. Linda Calvo
*Principal*

## Arleta High Electronic Device Confiscation & Retrieval Policy

I. Reference:  BUL 5468.0 – Use of Cellular Telephones and Other Electronic Devices by
 Students

II. History:  California Education code, Section 48901.5 permits *"the governing board of each school district, or its designees, to regulate the possession of any electronic signaling device that operates through the transmission or receipt of radio waves, including, but not limited to, paging and signaling equipment, by pupils of school district while pupils are on campus, while attending school-sponsored activities, or while under the supervision of school district employees"*

It is the policy of the of the Los Angeles Unified School District (LAUSD) *"to prohibit the use of cellular phone, pagers, or any electronic device by students on campus during normal school hours or school activities, excluding the students' lunchtime or nutrition breaks unless the school site council has adopted a stricter policy."*

Pursuant to the aforementioned criteria, Arleta High School has adopted a stricter policy.

III. Policy:
 A. Students are not allowed to use cellular phone, pagers, or any electronic device during school hours, to
  include lunch.
 B. The use of electronic devices during school hours will result in said item being confiscated.
 C. Items confiscated will be held for a minimum of twenty-four (24) hours before being returned to students.
 D. Students retrieving electronic device must bring their Parent/Guardian with them at time of retrieval.
 E. Retrieval of confiscated items is to **only** occur between the hours of 3:35 pm – 4:15 pm Monday through
  Friday.
 F. Any student who has violated this policy a **second time** will not be allowed to retrieve items until the last
  day of that school year.
 G. **Arleta High is not responsible for lost or stolen electronic devices.**

IV. Safety Precautions:

It should be noted that cellular telephones transmit Radio Frequency (RF) waves, and should NEVER be used, or turned ON during the situation delineated below.  The safety precautions below also apply to any two-way radio, pager, palm-top or lap-top devices that transmit RF waves.

 A. During a response to a bomb threat.  The transmitted RF waves may, if used within 500 feet of an explosive
  device, cause it to detonate.
 B. In explosive atmospheres, such as a gasoline pump/station.  The transmitted RF waves may cause a spark
  that could cause an explosion.
 C. Near any explosive blasting caps.  The transmitted RF waves if used within 500 feet of blasting camp may
  trigger it and cause an explosion.

 V. Authority:  This policy is in accordance with the Board of Education

EX B.



57.

Los Angeles Unified School District

## Van-Nuys High School

6535 Cedros Avenue
Van Nuys, California 91411-1599
Telephone: (818) 778-6800 Fax: (818) 781-5181

2013 MAR 13  AM 11: 44

EQUAL OPPORT.
SECTION

RAMON C. CORTINES
Superintendent of Schools

ALMA PEÑA SANCHEZ
Local District Superintendent
District 2

JUDITH A. VANDERBOK, Ph.D
Principal

Mr. Kilroy
Art Department

Jan 17 2012

Re:

Dear |

has been destroying the classroom environment by distracting others and rule breaking. With socializing and defiance, refusing to sit in her correct seat etc. Last semester also she sat being apathetic etc etc

This senseless apathy is a malignant sore, a cancer on the energy and morale of the whole class. It affects not only your kid but also the whole classroom. I have attempted to help her jumpstart projects on numerous occasions. She has worked at moments and shown that she is capable of tackling the projects and that what holds her back are her own decisions. This is dismal, pathetic, self-absorbed and destructive.

You and your kid are part of a family and you are partly responsible for your kid's behavior. In terms of rule breaking or disturbing behavior in schools your kid does it it because they want to. Its not impulsivity, its not a learning disability, its not bad home situations, its not a broken family, its not bad economics or poverty, its not anything else except their decision to do it because they like to indulge themselves. Why do I say this? It's because I've seen parents and kids stop the kid's behavior instantaneously when they want to. You can turn it off, and you can turn it off just like you turn off a lightswitch.I've seen it.

Please do not respond to this letter by staging a conference to come dribble and whine like many do about you or your kid's personal difficulties or your hard life. Or manipulate things with accusations about me. I will ask you to put on paper for the legal record any accusations you make up to defend yourself against facing your family problems. Be prepared to take legal responsibility for your actions. Every day I have kids with far worse situations who are considerate and appreciate the generous opportunity given them at school. What is this selfish indulgence?   Talk to your kid and take action at home to stop these

EX. C                    58.

behaviors.

Destroying educational privilege for others by destroying classroom environments at school is a criminal act, that's how I view it, plain and simple.
Would you like it if someone suddenly destroyed your opportunity for a better life here in this country as your kid is destroying that opportunity for other students?
As far as I'm concerned, if you and your kid are not willing to turn off the behaviors of   breaking rules or disturbing the school environment for other students, your kid does not deserve to be here. The more you are breaking rules or disturbing the school environment, believe me; I will be working at having you removed. There are many other appreciative kids waiting to take your child's spot in school.

****POSSIBLE REMOVAL ****

If your kid is over 18 or has a previous record an immediate request will be made to legally remove you from the school.
An investigation will be made of your kid's records to the fullest extent of the law.
Any other available legal steps possible will be taken to request that you are legally removed.
This must be done in a legal and appropriate way and through the correct channels but if it works the end result will be your removal.
If your kid is on Probation their probation officer will be getting a copy of this and the Juvenile court judge will be getting a copy.

Sincerely

Mr. Kilroy

c.
All other teachers/counselor etc...

EQUAL OPPORT.
SECTION
2013 MAR 13  AM 11:44

EX. C          59.



Imma
slap the Shit
at you

EX. D.   60.



## Re: Fwd: Kilroy Van nuys High teacher re. 49079

**ROSE LEDESMA-GAETA** <32097@lapd.lacity.org>          Tue, Mar 5, 2013 at 9:18 AM
To: lorcan kilroy <lorcankilroy@gmail.com>
Cc: FABIAN LIZARRAGA <lizarraf@lapd.lacity.org>

Mr. Kilroy, the reporting of Child Abuse Allegations are covered by Confidentiality both for the victim and the reporting party. This information can not be released to the public.

As for the issue on Education Code 49079, I am still working on it.

Detective II Rose Gaeta #32097
Los Angeles Police Department
Juvenile Division / Sexually Exploited Child Unit
100 W. 1st Street    3rd Floor
Los Angeles, Calif. 90012
(213) 486-0580   Fax #(213) 486-0466
Direct # (213) 486-0615


>>> lorcan kilroy <lorcankilroy@gmail.com> 3/5/2013 8:23 AM >>>
ok ..can you give me the name of the investigating officer and report
number. Id like to add my wittness information to the report and also
request FOIA a copy from department Please send FOIA person contact if
you are not able to forward report...
Thanks so much

anything on 49709 issue?

On 3/5/13, ROSE LEDESMA-GAETA <32097@lapd.lacity.org> wrote:
> Good Morning Mr. Kilroy,
> I have confirmed that the incident was indeed reported.
>
> Thank You,
>
> Detective II Rose Gaeta #32097
> Los Angeles Police Department
> Juvenile Division / Sexually Exploited Child Unit
> 100 W. 1st Street    3rd Floor
> Los Angeles, Calif. 90012
> (213) 486-0580    Fax #(213) 486-0466
> Direct # (213) 486-0615
>
>
>>>> lorcan kilroy <lorcankilroy@gmail.com> 3/4/2013 9:09 AM >>>
> re: Van Nuys High teacher Thomson incident.
>
> Good morning detective..any answer from AP Baer on the reporting... or
> perhaps they reported it  to DCFS?
> Thanks
> Mr Kilroy
>
> ---------- Forwarded message ----------
> From: lorcan kilroy <lorcankilroy@gmail.com>
> Date: Wed, 27 Feb 2013 14:21:11 -0800

EY. E                    61.

> Subject: Kilroy Van nuys High teacher re. 49079
> To: ROSE LEDESMA-GAETA <32097@lapd.lacity.org>
>
> Lorcan kilroy
> Van Nuys High
>
> Hi again detective
>
> I will query union  about the 49079 matter...and per your advice staff
> relations...however I really wanted to get to the legal root of the
> question, thats why I'm glad the City Attorney is looking at it...
>
> Any advice on the second below  issue? Again is it mandated reportable
> and if so was it reported to police? Thanks
>
> .......district possibly covering up of abuse...At Van Nuys High in
> Spring 2012 a
>> student minor (I have name)reported to me last semester that a teacher
>> Arthur Thomson in her class had put his hands around a students neck
>> and shaken him. Then an adult special education  aide named Ian
>> Olivera(unsure of last name spelling)  told me that during  same
>> incident , the teacher told the student:"if you come back in my
>> classroom you're life is in danger". The student
>> witness said an assistant principal she identified as Phyllis Baer  came
>> to the
>> incident and took written statements from students. However then later
>> I asked the teacher Thomson what happened he said he only had to go to
>> an office for a few days, that he "lost it" and that the people at the
>> site "backed him up"...thats all..no police involvement....no
>> reporting to credential commission mentioned....
>> This semester I asked another special ed aide in my classroom what had
>> happened. He said"aw I guess they decided to give that teacher a
>> chance because he's a good teacher"
>> Now I did not see this incident myself but his sounds like  a mandated
>> district to police reportable matter, yet it appears to me no police
>> report was made.
>> If it is and your database shows LAUSD admin covered it up by
>> not reporting it, please investigate...I believe the incident was on
>> April 20 2012 in Arthur
>> Thomson's room period 6. I have some contact info for the student
>> wittness .If a police report was made please fwd my information on
>> witnesses to the investigating officers....
>>
>
> On 2/14/13, ROSE LEDESMA-GAETA <32097@lapd.lacity.org> wrote:
>> Good Afternoon Mr. Kilroy,
>> I wanted to let you know that we did receive your email in regards to
>> LAUSD
>> Ed. Code 49079.  We are currently doing some research, as soon as we have
>> some information I will get in contact with you.
>>
>> Thank You,
>> Det. Gaeta
>>
>> Detective II Rose Gaeta #32097
>> Los Angeles Police Department
>> Juvenile Division / Sexually Exploited Child Unit
>> 100 W. 1st Street    3rd Floor
>> Los Angeles, Calif. 90012
>> (213) 486-0580    Fax #(213) 486-0466
>> Direct # (213) 486-0615

EX. E                    62.



Lorcan Kilroy <lorcankilroy@gmail.com>

## RE: thomson issue and upset

**Mike Alson** <malson1945@att.net>                                    Mon, Aug 5, 2013 at 7:51 AM
Reply-To: Mike Alson <malson1945@att.net>
To: lorcan kilroy <lorcankilroy@gmail.com>

Dear Lorcan,

I understand completely what you are saying and what you have said.  I do try
to speak to people honestly, that's why I'm held in such low esteem by the
administration.

I have known Arthur for all the years he's been at VNHS.   I worked as his aide
for about 5+ years.  As mentioned before, I will do my best to let him know
about the situation and suggest he speak to you directly, **if giving out your
email is ok.**

Thanks, Mike

--------------------------------------------

Gmail – Re: a thought                                                    10/5/13 10:01 PM



Lorcan Kilroy <lorcankilroy@gmail.com>

## Re: a thought

**Mike Alson** <malson1945@att.net>                                    Sun, Aug 4, 2013 at 6:43 PM
Reply-To: Mike Alson <malson1945@att.net>
To: Lorcan Kilroy <lorcankilroy@gmail.com>

Dear Lorcan,

Thanks for all of the information in the last 2 emails.

I know that Arthur was in the District North Office (The Rubber Room as  they
call it) for many days.  But, he was never suspended.

So much for fairness!

Mike        EX. F.        63.



**Los Angeles Unified School District**
OFFICE OF THE GENERAL COUNSEL
333 S. Beaudry Avenue, 20ᵗʰ Floor, Los Angeles, CA 90017
TELEPHONE: (213) 241-7600; FACSIMILE (213) 241-3316

JOHN E. DEASY, Ph.D.
*Superintendent of Schools*

DAVID HOLMQUIST
*General Counsel*

April 15, 2013

Lorean Kilroy
8927 Cedros Ave., #6
Panorama City, California 91402

Via Electronic Mail
lorcankilroy@gmail.com

Re:     **Public Records Act Request**

Dear Mr. Kilroy:

We have reviewed your California Public Records Act request, in which you requested documents regarding Arthur Thomson of Van Nuys High School.

Your request has been reviewed and pursuant to California Government Code section 6253 (b), the District will produce documents responsive to your request, subject to the segregation of exempt material within the documents.

Per your request, the responsive documents will be e-mailed to you upon receipt of payment of the cost, which is $0.25 cents per copy. There are a total of 29 pages of responsive documents, for a total amount due of $7.25. Please make your check payable to LAUSD and send to my attention. Please note that copies will not be released to the requestor until payment has been received.

Should you have any questions, please do not hesitate to contact me at (213) 241-7600. Please refer to the following reference number in any correspondence regarding this request: #0023346

Sincerely,

Tina Gonzalez
Paralegal

EX. G.          64



**Los Angeles Unified School District**
OFFICE OF THE GENERAL COUNSEL
333 S. Beaudry Avenue, 20th Floor, Los Angeles, CA 90017
TELEPHONE: (213) 241-7600; FACSIMILE (213) 241-3316

JOHN E. DEASY, Ph.D.
*Superintendent of Schools*

DAVID HOLMQUIST
*General Counsel*

May 21, 2013

Lorcan Kilroy
8927 Cedros Ave., #6
Panorama City, California 91402

Via Electronic & U.S. Mail
lorcankilroy@gmail.com

Re:    **Public Records Act Request**

Dear Mr. Kilroy:

We have reviewed your California Public Records Act request, in which you requested documents regarding Arthur Thomson of Van Nuys High School.

Your request has been reviewed and pursuant to California Government Code section 6255, your request for these documents is denied. This denial is based upon a determination that at this time these records are exempt from disclosure under California Government Code section 6254 (b).

Your checks 1047 and 1118 in the amount of $7.25 are hereby enclosed.

Should you have any questions, please do not hesitate to contact me at (213) 241-7600. Please refer to the following reference number in any correspondence regarding this request: #0023346.

Sincerely,

Tina Gonzalez
Paralegal

Encl.

EX. H.              65

## Commission on Teacher Credentialing
1900 Capitol Avenue Sacramento, CA  95811     (916) 324-5953     Fax (916) 323-6735     www.ctc.ca.gov

*Office of the Executive Director*

May 15, 2013

John E. Deasey, Ph.D.
Superintendent
Los Angeles Unified School District
333 South Beaudry Avenue, 14th Floor
Los Angeles, California 90017

Re: Precautionary Reporting of Credential Holder Discipline

Dear Dr. Deasey:

The Commission on Teacher Credentialing (Commission) through the Committee of Credentials reviews all reports filed by school districts pursuant to Title 5, California Code of Regulations, section 80303.  We appreciate the effort the Los Angeles Unified School District (LAUSD) has made over the last year to ensure that all required reports are timely filed.  In addition, for the last several months, LAUSD has been submitting reports to the Commission concerning credential holders where no final action has been taken by LAUSD.  These reports, labeled as "precautionary notices," are closed without action by the Commission as it lacks jurisdiction to open an investigation.

The Commission, through its Assistant General Counsel, has discussed the legal issues related to the precautionary notices with LAUSD General Counsel. The Commission's concern is that these reports may violate the privacy rights of the credential holders when no final action has been taken by LAUSD.  Under the Information Practices Act, state agencies may only maintain personal information which is "relevant and necessary to accomplish a purpose...of the agency required or authorized by...statute."  (Government Code section 1798.14.)  The reports from LAUSD to the Commission are neither required nor authorized by statute. 

In addition, while credential holders are advised regarding reports filed by LAUSD pursuant to section 80303, these precautionary notices are not disclosed to credential holders.  Arguably, this places the Commission in the position of having a "secret file" concerning a licensee.

Subdivision (e) of section 80303 provides as follows:

"The superintendent of an employing school district shall, in writing, inform a credential holder of this regulation whenever that credential holder, working in a position requiring a credential is dismissed, nonreelected, resigns, is suspended or placed on unpaid administrative leave as a final adverse employment action for more than ten days, retires or is otherwise terminated by a decision not to employ or re-employ as a result of an allegation of misconduct or while an allegation of misconduct is pending.  Failure to comply with this subdivision by a superintendent of schools constitutes unprofessional conduct which shall be investigated by the Committee of Credentials."

*Ensuring Educator Excellence*

EX. I                    66.

Thus, the requirement that a superintendent make a report to the Commission pursuant to section 80303 upon final action by the District coincides with the requirement to provide notice to the credential holder.

We respectfully request that LAUSD report to the Commission only the matters required by law. We welcome and encourage reports filed pursuant to section 80303 and will undertake to determine with LAUSD whether a report is mandated. However, to the extent we continue to receive "precautionary reports" after June 1, 2013, the Commission believes it is required by law to (1) notify each credential holder that a report was received and (2) provide the holder with a copy of all materials furnished to the Commission.

We appreciate the personal attention that you have given to assuring that all required matters are reported to the Commission and acknowledge that your efforts in this regard contribute to the safety of children in our public schools.

Sincerely,

*Mary Vixie Sandy*

Mary Vixie Sandy
Executive Director

*Ensuring Educator Excellence*

EX. I.      67.



**Commission on Teacher Credentialing**
1900 Capitol Avenue Sacramento, CA 95811    (916) 324-5953    Fax (916) 323-6735    www.ctc.ca.gov

*Division of Professional Practices*

April 6, 2012

Los Angeles Unified School District
333 S. Beaudry Avenue, 14th Floor
Los Angeles, CA 90017

ATTN: John Brasfield

Re: Notice of No Jurisdiction to Commence Initial Review
███████████████████████

The purpose of this letter is to notify you that the information provided by your district is not sufficient to give the Committee of Credentials (Committee) jurisdiction to commence initial review of the teacher named above.

In accordance with Education Code §44242.5 subdivision (b)(3)(A), the Committee has jurisdiction to commence initial review when it receives: "[a] statement from an employer notifying the commission that, as a result of, or while an allegation of misconduct is pending, a credential holder *has been* dismissed, nonreelected, suspended for more than 10 days, or placed pursuant to a final adverse employment action on unpaid administrative leave for more than 10 days, or has resigned or otherwise left employment." (Emphasis added.)  Additionally, the provisions of Title 5 §80303 of the California Code of Regulations (CCR) are consistent with this statute as jurisdiction does not commence until after an action is taken by the district. Since the Committee does not have jurisdiction to review the allegation(s), the Commission's file is being closed at this time.

In the event that your district takes an action that provides the Committee with jurisdiction under Education Code §44242.5, your district is required by Title 5, CCR §80303 to report to the Commission.  Please submit the record at that time and the Committee will proceed with a review.  If you have any questions, please contact the undersigned at (916) 322-4666.

Sincerely,

Chastine Fish Gaspar
Staff Counsel

EX. J.                    68



**Arleta High School**
*Home of the Mustangs*

*Ramon Cortines*
*Superintendent of schools*

*Byron Maltez*
*Superintendent, ESC North*

14200 Van Nuys Boulevard
Arleta, California 91331
(818) 686-4100

*Sandra Gephart*
*Principal*

August 20, 2013

To:        Mr. Kilroy
From:      J. Magee, Dean of Discipline
Subject:   Standing Supervision Schedule

Mr. Kilroy,

Listed below will be your standing supervision assignment on days that you are assigned to
Arleta High

| Period | Supervision Assignment |
| --- | --- |
| Period 1 | Boys locker room and front of gym |
| Period 2 | Boys locker room and front of gym |
| Lunch A | Covered Lunch Area |
| Lunch B | Covered Lunch Area |
| Duty Free Lunch | Time: 12:40 – 1:10 |
| Remainder Period 3 | Boys locker room and front of gym |
| Period 4 | Boys locker room and front of gym |

If you have any questions please do not hesitate to contact either Mr. Magee or Mr. Montiel in
the Deans office.

Thank you for your cooperation,

*J. Magee*

J. Magee

CC:  S. Gephart, Principal
     C. Brown, AP Discipline and Supervision
     R. Richards, SSA
     M. Medrano

Ex K.                          69.